IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES MARTINEZ, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 3:08-0738 |
| v. ) | |
| ) | Judge Nixon |
| SAMUEL TIMOTHY McGRAW, et al., ) | Magistrate Judge Bryant |
| ) | |
| *Defendants*. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion to Enforce Local Rules and For Defendants to Show No Threat to a Fair Trial ("Plaintiff's Motion") (Doc. No. 68). Defendants filed a Response in Opposition (Doc. No. 70) and Declarations in Support from Amy J. Everhart (Doc. No. 71) and Scott Siman (Doc. No. 72). For the reasons stated below, Plaintiff's Motion is **DENIED**.

### I. DISCUSSION

Plaintiff alleges that after this case was transferred from the Southern District of Texas to the Middle District of Tennessee in July 2008, stories regarding this lawsuit began appearing on national news sites. Plaintiff contends that the stories originated from an August 5, 2008 article on TMZ.com, a celebrity gossip website. Relying, in part, on a statement from TMZ.com, Plaintiff asserts that Defendants are responsible for publicizing information about the case to the press. (Doc. No. 68 at 3) ("McGraw's lawyers tell TMZ Martinez's claims are 'totally without merit.'"). Due to the alleged inflammatory and biased information in the published articles,

-1-

Plaintiff argues that the Tennessee jury pool is tainted and will likely favor Defendant.

As a result, Plaintiff requests that the Court: (1) prohibit attorneys and law firms from making extrajudicial statements pursuant to Local Rule 83.03; (2) prohibit the parties, their representatives, and witnesses from making extrajudicial statements; (3) order Defendants' attorneys to show why their extrajudicial statements did not constitute a serious and immediate threat to a fair trail in the Middle District of Tennessee; and (4) permit Plaintiff to release a statement to the media addressing Defendants' alleged misstatements. If Defendants cannot show that a fair trial can be conducted, Plaintiff requests the Court (5) to transfer this case back to the Southern District of Texas.

In response, Defendants claim they have not contacted media organizations, instead they describe two instances in which they responded to media inquiries. Amy Everhart, one of Defendants' lawyers, responded to a telephone call from a TMZ.com reporter and informed the caller that she was not authorized to make a statement, that the case file was available with the Court, and that the lawsuit was without merit. (Doc. No. 71). Defendants also concede that *The Tennessean*, contacted Defendant Tim McGraw's manager, Scott Siman, who stated that, "It's one of the most absurd claims I've ever heard of. Artists can be targets for these kinds of suits and we defend every one vigorously." (Doc. No. 72). With the exception of the two instances described above, Defendants claim that they have not spoken with any other news media organization about the case.

Local Rule 83.03 of the United State District Court in the Middle District of Tennessee discourages attorneys and law firms from making extrajudicial statements during investigation or litigation of a civil action. LOC. R. 83.03(a)(1). Moreover, such statements are "presumed to

constitute a serious and immediate threat to a fair trial and the burden shall be upon one charged with commenting upon such matters to show that his comment did not pose such a threat." Id. at (a)(2). District courts have the discretion to interpret and apply local rules and practice. Wright v. Murry Guard, Inc., 455 F.3d 702 (6th Cir. 2006). However, district courts are bound by First Amendment limitations when restricting parties and participants in litigation from disclosing information to the public about the litigation. National Polymer Products, Inc. v. Borg-Warner Corp., 641 F.2d 418, 423 (6th Cir. 1981).

Plaintiff's request for a virtual "gag" order is a drastic remedy that this Court is not inclined to grant.

> . . . [S]uch broadly based restrictions on speech in connection with litigation are seldom, if ever, justified. Trial judges, the government, the lawyers and the public must tolerate robust and at times acrimonious or even silly public debate about litigation. The courts are public institutions funded with public revenues for the purpose of resolving public disputes, and the right of publicity concerning their operations goes to the heart of their function under our system of civil liberty.

United States v. Ford, 830 F.2d 596, 599 (6th Cir. 1987). Ms. Everhert's statement to TMZ.com, asserting that the case was without merit, was consistent with the Defendant's filings, which are available to the public. In addition, the Supreme Court has held that "pretrial publicity even pervasive, adverse publicity does not inevitably lead to an unfair trial." Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 554 (1976).

Mr. Siman, who made the comment to *The Tennessean*, is Defendant's manager and not a lawyer assigned to represent any of the Defendants. As such, Local Rule 83.03 does not apply to Mr. Siman. LOC. R. 83.03(a)(1) ("an *attorney* or *law firm* associated with a civil action . . .") (emphasis added).

-3-

Case 3:08-cv-00738   Document 101   Filed 05/07/09   Page 3 of 4 PageID #: 692

There are less restrictive measures available to Plaintiff to insure a fair trial, such as a searching voir dire examination of the jury (Ford, 830 F.2d at 599), and the Court encourages Plaintiff to explore these options if Plaintiff deems such measures are warranted.

II.  **CONCLUSION**

For the reasons stated above, Plaintiff's Motion is **DENIED**.

It is so ORDERED.

Entered this the ___6th___ day of May, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT