IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:08-0738 |
| v. ) | |
| ) | Judge Nixon |
| SAMUEL TIMOTHY McGRAW, et al., ) | Magistrate Judge Bryant |
| ) | |
| Defendants. ) | |

ORDER

Pending before the Court is Defendants Samuel Timothy McGraw, et al.'s Motion to Dismiss ("Defendants' Motion") (Doc. No. 77) and Memorandum in Support (Doc. No. 78). Plaintiff James Martinez filed a Response to Defendants' Motion to Dismiss and Alternatively, Motion for Leave to Amend Pleadings ("Plaintiff's Motion") (Doc. No. 80). Defendants filed a Response in Opposition to Plaintiff's Motion (Doc. No. 82), to which Plaintiff filed a Reply (Doc. No. 86). For the reasons stated below, Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

I. BACKGROUND

    A.    *Factual Background* [1]

For the purpose of ruling on Defendants' Motion to Dismiss, the Court accepts as true the following factual allegations contained in Plaintiff's Complaint.

Plaintiff James Martinez ("Plaintiff" or "Mr. Martinez") is a recording artist and music

---

[1] Facts in this section are taken from Plaintiff's Complaint (Doc. No. 1) unless otherwise noted.

-1-

producer with a principle place of business in Rockport, Texas. Defendant Samuel Timothy McGraw (hereinafter "Defendant" or "Mr. McGraw") is also a recording artist and music producer. He is known professionally as "Tim McGraw," and is a Nashville, Tennessee resident with a place of business in Franklin, Tennessee. Plaintiff Martinez also identifies the following individuals as Defendants in this matter: James Stroud, Byron Gallimore, Craig Wiseman, and Mike Reid; Plaintiff further identifies both Mr. Wiseman and Mr. Reid as Defendant McGraw's songwriters. In addition Plaintiff identifies the following business entities as Defendants: Almo Music Corp., Daddy Rabbit Music, Brio Blues Music, and Curb Records, Inc. However, it is unclear what role these businesses played in the case.

In 1996, Plaintiff Martinez wrote a song, entitled *Anytime, Anywhere Amanda*, inspired by his friendship with Amanda Little, a Miss Texas title holder. He recorded this song, along with others he wrote and produced, on a compact disc ("CD") (hereinafter the "Collection"). Mr. Martinez copyrighted the Collection on December 6, 1996. Plaintiff is currently and has always been the sole proprietor of all the rights, titles, and interest in the copyrighted material in the Collection.

Defendant McGraw's song, *Everywhere*, from Defendant's CD also entitled, *Everywhere*, is a copy of *Anytime, Anywhere Amanda*. Mr. Wiseman and Mr. Reid wrote Mr. McGraw's song, *Everywhere*, which Defendants copyrighted in 1997. Since early 1997, Defendants have been unlawfully reproducing, distributing, promoting, publicly performing, and offering for sale unauthorized copies of Plaintiff's song, *Anytime, Anywhere Amanda* in the form of Defendant McGraw's song, *Everywhere*.

Defendant McGraw had access to Mr. Martinez's song via the studio where Mr. McGraw

recorded his CD *Everywhere*. Terri Clark,[2] a non-party to the suit, is a recording artist who recorded a CD in the same studio where Defendant McGraw recorded his CD. Moreover, individuals who worked on Ms. Clark's CD also worked on Defendant McGraw's CD. Terri Clark's song *You're Easy on the Eyes*, incorporates lyrics from a song in Plaintiff's copyrighted Collection, entitled *Easy on the Eyes, Hard on the Heart*. As a result of Ms. Clark's similar song and affiliation with the abovementioned studio, Defendants had access to Plaintiff's Collection, thus enabling Defendants to copy it. In addition, Mr. McGraw's *Everywhere* CD contains another song, *Hard on the Ticker*, which is similar to the phrase, "hard on the heart," which is part of the title of a song in Plaintiff's Collection. This fact further illustrates Defendants' access to Plaintiff's Collection.

As a result of the copyright infringement, Defendants' conduct has and continues to deprive Plaintiff of the benefits of selling his song. Moreover, as a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable damage and lost profits.

B.   *Procedural History*

On March 8, 2008, Plaintiff Martinez filed suit against Defendants in the United States District Court of the Southern District of Texas. Mr. Martinez asserts the following claims: (1) declaratory judgment; (2) copyright infringement pursuant to 17 U.S.C. §§ 101 et seq. (2009); (3) violation of the Universal Copyright Convention; (4) violation of Convention for Protection of Phonographs; (5) violation of Section 43(a) of the Lanham Act pursuant to 15 U.S.C. §§ 1121 and 1125(a); and (6) accounting.

---

[2] Plaintiff identifies Ms. Clark as "Terry Clark" in the Complaint. Presumably, Plaintiff meant to refer to Terri Clark, a country music artist who recorded an album, *How I Feel*, that contains a song entitled, *You're Easy on the Eyes*, which was released in 1998 on Mercury Records.

The District Court of the Southern District of Texas transferred the case to this Court pursuant to 28 U.S.C. § 1404(a) on July 24, 2008. (Doc. No. 54). On October 9, 2008 Defendants filed a Motion to Dismiss (Doc. No. 77) and Memorandum in Support (Doc. No. 78). On the following day, October 10th, Defendants also field Appendix B to the Memorandum in Support (Doc. No. 79). Plaintiff Martinez filed his Response and Alternatively, Motion for Leave to Amend Pleadings (Doc. No. 80) on October 24, 2008. On November 6, 2008, Defendants filed a Response in Opposition to Plaintiff's Motion (Doc. No. 82), to which Plaintiff filed a Reply on November 24, 2008 (Doc. No. 86).

As a result of Defendants' alleged conduct, Mr. Martinez seeks declaratory and injunctive relief as well as damages. Specifically, Plaintiff requests the Court to issue a decree declaring Mr. Martinez owner of the song *Anytime, Anywhere Amanda* within the meaning of 17 U.S.C. §201(a) and to enjoin Defendants from continuing the alleged unlawful conduct. Mr. Martinez also seeks to recover twenty million dollars ($20,000,000.00) in undeserved profits from Defendants. In addition, Martinez requests attorney's fees and costs.

The Court's jurisdiction over Plaintiff's claims arises under 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

## II. LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002). The

-4-

Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." Swierkiewcz, 534 U.S. at 514.

In Bell Atlantic Corp. v. Twombly, the Supreme Court readdressed the pleading requirements under the Federal Rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 545 (2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555) (emphasis in original). Further, the Court observed that Federal Rule of Civil Procedure 8(a)(2) requires a "showing" that the plaintiff is entitled to relief and that this substantive threshold is not achieved by "blanket assertion[s]." Twombly, 550 U.S. at 556 n.3.

Although Federal Rule of Civil Procedure 8 establishes a "liberal system of notice pleading," see E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

-5-

Case 3:08-cv-00738   Document 103   Filed 08/10/09   Page 5 of 16 PageID #: 702

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555; see also Swierkiewicz, 534 U.S. at 508 n.1; Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer, 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely"). With this standard in mind, the court turns to an analysis of Mr. Martinez's claims.

### III. ANALYSIS

#### A. *Plaintiff's Claim for Declaratory Judgment is Not Ripe*

Mr. Martinez requests the Court to enter an order, pursuant to 28 U.S.C. §2201, declaring that he is the owner of *Anytime, Anywhere Amanda* within the meaning of 17 U.S.C. § 201(a). However, Plaintiff has failed to demonstrate to the Court that there is an "actual controversy" (28 U.S.C. §2201(a) (2009)) regarding the ownership of *Anytime, Anywhere Amanda*. Plaintiff does not allege that Defendants ever claimed a right to Plaintiff's song at issue. Federal courts require the party seeking a declaratory judgment to allege facts that "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941); see also TCI/TKR Cable v. Johnson, 30 Fed. Appx. 581 (6th Cir.

2002) (holding that absent an actual controversy there can be no declaratory judgment).

In his Response, Plaintiff merely states that he sufficiently pled facts proving copyright infringement in the Complaint and therefore, he is entitled to a declaratory judgment. However, this assertion does not change the fact that there is no controversy regarding the ownership of Plaintiff's song. Furthermore, an award of ownership over an infringing work is not a remedy provided under the Copyright Act for copyright infringement. See 17 U.S.C. §§ 502-05 (2009) (the exclusive remedies for copyright infringement include injunctive relief, impounding and disposition of the infringing articles, damages and profits, and costs and attorney's fees).

Thus, Defendants' Motion to Dismiss Plaintiff's claim for declaratory judgment is **GRANTED**.

> B. *Plaintiff has Failed to Plead Facts Supporting a Claim of Copyright Infringement and is Thus Not Entitled to Relief*

To establish a copyright infringement claim, a plaintiff must prove (1) that he had ownership of a valid copyright; and (2) that another person copied a protected interest in the work. Coles v. Wonder, 283 F.3d 798, 801 (6th Cir. 2002). If the plaintiff lacks direct evidence of copying, he may "establish an inference of copying by showing (1) access to the allegedly-infringed work by the defendants(s) and (2) a substantial similarity between the two works at issue." Ellis v. Diffie, 177 F.3d 503, 506 (6th Cir. 1999). The Sixth Circuit recognizes that evidence of direct copying is rare, therefore many plaintiffs rely on establishing an inference of copying to prove their claim. See id.; Robert R. Jones Assocs., Inc. v. Nino Homes, 858 F.2d 274, 276-77 (6th Cir. 1988); Wickham v. Knoxville Int'l Energy Exposition, Inc., 739 F.2d 1094, 1097 (6th Cir. 1984); see also 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, §

13.02 (revised 1998).

Mr. Martinez does not plead facts that would establish direct copying, but rather he attempts to rely on facts to show an inference of copying after establishing he had valid ownership. As proof of ownership of his song, Mr. Martinez submits a copy of the Certificate of Registration. (Doc. No. 1, Ex. A). In the Complaint, Mr. Martinez states that Defendants had "access" to his song *Anytime, Anywhere Amanda* and that Defendants' song *Everywhere* is "substantially similar." However, Plaintiff fails to plead facts that amount to Defendants having access to *Anytime, Anywhere Amanda*. Moreover, Plaintiff fails to plead facts demonstrating that Defendant McGraw's song, *Everywhere* is "substantially similar" to Plaintiff's song, *Anytime, Anywhere Amanda* beyond stating that the two works are "substantially similar." Thus, Plaintiff has failed to plead facts that would entitle him to relief for Defendants' alleged copyright infringement.

Within the context of copyright infringement, "access means hearing or . . . having a reasonable opportunity to hear the plaintiffs' work and thus having the opportunity to copy." Tree Pub. Co., Inc. v. Warner Bros. Records, 785 F.Supp. 1272, 1274 (M.D. Tenn 1991). Mr. Martinez claims that

> Defendants had access to [Plaintiff's] song based upon the fact that [Plaintiff's] Collection also contains a song titled *Easy on the Eyes, Hard on the Heart*. Plaintiff coined this title and it is unique. Terr[i] Clark's song *You're Easy on the Eyes* in which the Plaintiff's exact title is incorporated into the lyrics . . . [T]he studio that recorded Terry Clark's cd and Tim McGraw's *Everywhere* cd are closely related in songwriters and personnel. In fact, the same writers who worked on Tim McGraw's *Everywhere* cd wrote four of the song[s] on Terr[i] Clark's *Easy on the Eyes* cd. Moreover, Tim McGraw's *Everywhere* cd contains another song entitled *Hard on the Ticker*, further demonstrating access to Plaintiff's Collection.

(Doc. No. 1, at 3-4). Plaintiff further claims that there are "obvious connections between" Terri Clark's *How I Feel* CD and Defendant McGraw's *Everywhere* CD, specifically, that "both artists shared many of the same recording personnel in recording their cds and both were copyrighted in 1997." (Doc. No. 80, at 7). In support, Plaintiff identifies EMI Blackwood Music Inc., Stephony Smith, and Hamstein Cumberland Music as common contributors to both Ms. Clark's and Defendant McGraw's albums. (Doc. No. 80, Att. 2).

Although Plaintiff is not required to plead "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Here, Mr. Martinez fails to assert factual allegations that raise a right to relief above the speculative level. In the Complaint, Mr. Martinez alleges that Terri Clark, a non-party musician, recorded a song with a title that is comprised of a common phrase[3] also used by Plaintiff in his song title. Mr. Martinez then alleges that both Ms. Clark and Mr. McGraw used the same studio to record their albums and used some of the same songwriters and personnel to create their albums. Plaintiff concludes that this tenuous string of facts resulted in Defendants having access to Plaintiff's song. Yet, Plaintiff fails to state facts that could raise even an inference of access. Plaintiff does not allege how his song *Anytime, Anywhere Amanda* got into the hands of Ms. Clark's personnel and songwriters or even that his song was played in hearing range of Ms. Clark's personnel and songwriters or that Ms. Clark's personnel and songwriters had any contact with Plaintiff or Plaintiff's Collection. Instead, Plaintiff relies on the fact that

---

[3] According to the American Society of Composers, Authors and Publishers ("ASCAP") as of August 7, 2009, there are thirteen other copyrighted songs, besides Ms. Clark's song, that contain the phrase "easy on the eyes" in the title. Moreover, there is a copyrighted song by Simpson James Roger entitled, *'Easy on the Eyes (Tough on the Heart)."*

Ms. Clark produced a song entitled, *You're Easy on the Eyes*, that contains a well-known phrase, which is similar to Plaintiff's song titled, *Easy on the Eyes, Hard on the Ticker*.

"[E]vidence that a third party with whom both the plaintiff and defendant were concurrently dealing had possession of plaintiff's work [may be] sufficient to establish access by the defendant, [however] access may not be inferred through mere speculation or conjecture." Jones v. Blige, 558 F.3d 485, 491 (6th Cir. 2009) (quoting Murry Hill Publ'n, Inc. v. Twentieth Century Fox Film Corp., 361 F.3d 312, 316 (6th Cir. 2004). Here, Plaintiff fails to provide facts that would show Ms. Clark had possession of Plaintiff's song or Collection at any point or that she, or people she worked with, made Plaintiff's song available to Defendants. Instead, Plaintiff speculates that because Ms. Clark and Defendant McGraw recorded their albums at the same studio and shared musical personnel to produce their albums, Defendants had access to Plaintiff's song. Moreover, Plaintiff further speculates that Ms. Clark had concurrent dealings with himself and Defendants based on the fact that one of Ms. Clark's song titles is similar to Plaintiff's and Ms. Clark and Mr. McGraw recorded their albums in the same studio with help from some of the same individuals.

With regard to substantial similarity, Plaintiff merely states that the two works are "substantially similar" and that Defendants created the copyright infringing song "through blatant and literal copying, altering and reproducing [Plaintiff's] song." (Doc. No. 1, at 3 and 5). However, as stated above, "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than . . . a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citing Papasan, 478 U.S. at 286). Here, Plaintiff merely restates the elements of the cause of action.

Plaintiff also asserts that Defendants' Motion relies primarily on case law involving motions for summary judgment in an attempt to prematurely litigate this case on the merits. (Doc. No. 80, at 5-6). Regardless of the cases that Defendants relied on in their Motion, the Court relies exclusively on the standard for a motion to dismiss for failure to state a claim upon which relief can be granted. Using this standard, as articulated above, Plaintiff has failed to plead allegations that raise a right to relief for copyright infringement above the speculative level. Accordingly, Defendants' Motion to Dismiss Plaintiff's claim of copyright infringement is **GRANTED**.

> C. *Because Plaintiff Failed to Allege Facts to Warrant Relief for Copyright Infringement, Plaintiff is Not Entitled to Relief for Defendant's Alleged Violation of the Universal Copyright Convention*

"[T]he Universal Copyright Convention (U.C.C.) . . . mandates a policy of national treatment in which copyright holders are afforded the same protection in foreign nations that those nations provide their own authors." Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd., 61 F.3d 696, 700 (9th Cir. 1995). However, "in order to recover for extraterritorial damages, 'at least one alleged [act of] infringement must be completed entirely within the United States' that would subject the defendant to liability under the Copyright Act." Newton v. Diamond, 204 F.Supp. 2d 1244, 1259 (C.D. Cal. 2002) (dismissing claim for international copyright infringement in violation of the U.C.C.) (citing Los Angeles News Serv. v. Reuters Television Intern., Ltd., 149 F.3d 987, 992 (9th Cir. 1998)); cf. De Bardossy v. Puski, 763 F.Supp. 1239, 1243 (S.D.N.Y. 1991) (holding that domestic jurisdiction is proper if plaintiff can show that an infringing act occurred domestically and that the act led to further infringement abroad).

Given that the Court dismissed Plaintiff's claim for relief under the Copyright Act,

-11-

Plaintiff is not entitled to relief under the Universal Copyright Convention. In support of his U.C.C. claim, Plaintiff merely reiterates the argument that he sufficiently pled his copyright infringement claim to survive a 12(b)(6) motion. As a result, Plaintiff claims his factual allegations for violation of the U.C.C. are also sufficient. However, the law does not support Plaintiff's argument. Thus, Defendant's Motion to Dismiss Plaintiff's claim of violation of the U.C.C. is **GRANTED**.

>    D.  *Plaintiff's Alleged Facts Involving the Convention for the Protection of Producers of Phonograms Do Not Raise a Right to Relief Above the Speculative Level*

The Convention for the Protection of Producers of Phonograms protects producers of phonograms against unauthorized duplication and distribution of their phonograms. Convention for the Protection of Producers of Phonograms Against Unauthorized Duplication, March 10, 1974, 25 U.S.T. 309 (hereinafter "Phonograms Convention"). The Phonograms Convention defines phonograms as "exclusively aural fixation of sounds of a performance or of other sounds." Id. at Art. 1(a). It further defines duplicate as "an article which contains sounds taken directly or indirectly from a phonogram and which embodies all or substantial part of the sounds fixed in that phonogram." Id. at Art. 1(c).

In the Complaint, Plaintiff provides "a formulaic recitation of the elements," Twombly, 550 U.S. at 555 (citing Papasan, 478 U.S. at 286 (1986)), of what would constitute a violation of the Phonograms Convention: "Defendants caused phonorecords serving to reproduce mechanically Plaintiff's song, and as an unauthorized record[] to be imported or duplicated in various Phonogram Convention Territories, in direct violation of Plaintiff's exclusive rights in Plaintiff's song." (Doc. No. 1, at 9). Here, Plaintiff merely states that Defendants "reproduced

mechanically Plaintiff's song" and "imported or duplicated" it "in various Phonogram Convention Territories." Such a recitation of the elements is insufficient to show that Plaintiff is entitled to relief. Twombly, 550 U.S. at 545.

Although Plaintiff is not required to provide "detailed factual allegations," the allegations must raise the right to relief above a speculative level. Id. Here, Plaintiff merely states that "Defendant caused" Plaintiff's song to be duplicated and imported or duplicated abroad. He fails to mention where Defendants allegedly imported the duplications and who allegedly duplicated the song. The assertion that Defendants "caused" the duplication implies that a non-party was involved in the duplication. Thus, the Court and Defendants are left to speculate how Defendants allegedly violated Plaintiff's rights under the Phonograms Convention. As a result, Defendants' Motion to Dismiss as to the Phonograms Convention is **GRANTED**.

    E.    *Plaintiff's Claims Under the Lanham Act are Moot Given his Voluntary Nonsuit.*

In his Response, Mr. Martinez submits a voluntarily nonsuit for his claim involving Defendants' alleged violation of Section 43(a) of the Lanham Act pursuant to 15 U.S.C. §§ 1121. (Doc. No. 80, at 9-10). Federal Rule of Civil Procedure Rule 41(a)(1) permits a plaintiff to voluntarily dismiss an action. Accordingly, Plaintiff's claim for violation under the Lanham Act is **DISMISSED without prejudice** and Defendants' Motion to Dismiss Plaintiff's claim under the Lanham Act is rendered **MOOT**.

    F.    *Plaintiff is Not Entitled to Accounting*

Plaintiff claims that as a result of Defendants' alleged copyright infringement, Plaintiff is entitled to an accounting of Defendants' profits from Defendants' song, *Everywhere*. Plaintiff argues that he is entitled to 100 percent of Defendants' profits, which Plaintiff claims are in

-13-

excess of twenty million dollars ($20,000,000.00). (Doc. No. 1 at 11).

In support, Plaintiff relies on Goodman v. Lee, 78 F.3d 1007, 1012 (5th Cir. 1996), in which the court awarded royalties to a song's co-author and joint owner of the copyright registration. However, Plaintiff's interpretation of Goodman is incorrect. Accounting is not a remedy for copyright infringement, but rather a well-established principle that co-owners of a copyright must account to other co-owners for any profits earned from use of the copyright. 78 F.3d at 1012. "[T]he duty to account does not derive from the copyright law's proscription of infringement[, r]ather, it comes from equitable doctrines relating to unjust enrichment and general principles of law governing the rights of co-owners." Oddo v. Reis, 743 F.2d 630, 633 (9th Cir. 1984). Accordingly, "[a] co-owner of a copyright cannot be liable to another co-owner for infringement of the copyright." Richmond v. Weiner, 353 F.2d 41, 46 (9th Cir. 1965).

Here, in order for the Court to award Plaintiff a share of the profits made from Defendants' song *Everywhere* according to the principle of accounting, Plaintiff would need to plead facts showing that Plaintiff is a co-owner of the copyright for *Everywhere*. Plaintiff has not pled such facts. Moreover, because Plaintiff's cause of action for accounting is based on the allegation that Defendants infringed on Plaintiff's copyrighted work, Plaintiff's accounting claim is preempted by Section 301 of the Copyright Act, 17 U.S.C. § 301 (2009). Motown Record Corp. v. George A. Hormel & Co., 657 F.Supp. 1236, 1241 (C.D. Cal. 1987); Falcon Enter., Inc. v. Nobel Dev., Inc., 2007 WL 737347, * 3 (W.D. Wash. Mar. 5, 2007); Pelt v. CBS, Inc., 1993 WL 273683, *1 (C.D.Cal. Apr. 28, 1993); see also Brainard v. Vassar, 561 F.Supp. 2d 922, 933 (M.D. Tenn. 2008).

Thus, Defendants' Motion to Dismiss with respect to Plaintiff's accounting claim is

**GRANTED**.

G.   *Amending the Complaint*

In his Response to Defendants' Motion, Plaintiff also requests leave from the Court to amend his Complaint if the Court grants Defendants' Motion. (Doc. No. 80, at 10). However, Plaintiff fails to provide the Court with his proposed amended complaint or give the Court any indication of how he intends to amend his Complaint. As a result, Plaintiff's Motion must fail.

The Federal Rules of Civil Procedure recognize a liberal pleading practice. Pursuant to Rule 15(a), a party may petition the Court for an amendment of an earlier complaint by leave of the Court. Fed. R. Civ. P. 15(a). Courts regularly grant a party's motion to amend for a variety of reasons, including the addition of claims, additional defenses, and increased damages. See generally Wright, Miller and Kane, Federal Practice and Procedure, Civil 2d § 1474. However, in order for the district court to determine whether justice requires a plaintiff to amend his complaint "the court must have before it the substance of the proposed amendment." Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc., 288 F.3d 895, 906 (6th Cir. 2002); Kostyu v. Ford Motor Co., 1986 WL 16190, *2 (6th Cir. Jul. 18, 1986) (denying plaintiff's motion to amend his complaint because "plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make").

Here, Plaintiff fails to submit a proposed amended complaint and he neglects to disclose what amendments he intends to make. Rather, Plaintiff merely states that "should the Court [grant Defendants' Motion to Dismiss], Plaintiff only asks for an opportunity to amend its Complaint before being dismissed." (Doc. No. 86, at 4).

Thus, Plaintiff's Motion is **DENIED**.

IV. CONCLUSION

For the foregoing reasons, Defendants' Motion is **GRANTED** with regard to Plaintiff's claims brought under the Copyright Act, 17 U.S.C. §§ 101 et seq. (2009), the Universal Copyright Convention, the Convention for Protection of Phonographs, and 28 U.S.C. § 2201. Plaintiff's claim brought under Section 43(a) of the Lanham Act pursuant to 15 U.S.C. §§ 1121 is **DISMISSED with prejudice** and Plaintiff's Motion to Amend the Complaint is **DENIED**.

It is so ORDERED.

Entered this the \_\_10\_\_ day of August, 2009.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Case 3:08-cv-00738   Document 103   Filed 08/10/09   Page 16 of 16 PageID #: 713