IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:08-0738 |
| | ) | |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Bryant |
| SAMUEL TIMOTHY MCGRAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is Plaintiff James Martinez's ("Plaintiff") Motion for New Trial ("Plaintiff's Motion") (Doc. No. 105) and Defendants Samuel Timothy McGraw, et al.'s ("Defendants") Motion for Extension of Time to File Motion for an Award of Attorneys' Fees and Related Nontaxable Expenses ("Defendants' Motion") (Doc. No. 107). For the following reasons, Plaintiff's Motion is hereby **DENIED**, and Defendants' Motion is **GRANTED**.

### I. BACKGROUND

#### A. Factual Background

The Court hereby adopts the recitation of the facts as set forth in the Court's August 10, 2009 Order granting Defendants' Motion to Dismiss ("Order") (Doc. No. 103) unless otherwise noted.

#### B. Relevant Procedural History

-1-

On March 8, 2008, Plaintiff Martinez filed suit against Defendants in the United States District Court of the Southern District of Texas. Mr. Martinez asserted the following claims: (1) declaratory judgment that he was the owner of *Anytime, Anywhere Amanda*; (2) copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq*. (2009); (3) violation of the Universal Copyright Convention; (4) violation of Convention for Protection of Phonographs; (5) violation of Section 43(a) of the Lanham Act; and (6) accounting. (Doc. No. 1.)

The District Court of the Southern District of Texas transferred the case to this Court pursuant to 28 U.S.C. § 1404(a) on July 24, 2008. (Doc. No. 54.) On October 9, 2008 Defendants filed a Motion to Dismiss (Doc. No. 77) and Memorandum in Support (Doc. No. 78). On the following day, October 10, Defendants also field Appendix B to the Memorandum in Support (Doc. No. 79). Plaintiff Martinez filed his Response and Alternatively, Motion for Leave to Amend Pleadings (Doc. No. 80) on October 24, 2008. On November 6, 2008, Defendants filed a Response in Opposition to Plaintiff's Motion (Doc. No. 82), to which Plaintiff filed a Reply on November 24, 2008 (Doc. No. 86).

In his Motion to Dismiss, Mr. Martinez sought declaratory and injunctive relief as well as damages. Specifically, Plaintiff requested the Court to issue a decree declaring Mr. Martinez owner of the song *Anytime, Anywhere Amanda* within the meaning of 17 U.S.C. §201(a) and to enjoin Defendants from continuing the alleged unlawful conduct. Mr. Martinez also sought to recover twenty million dollars ($20,000,000.00) in undeserved profits from Defendants. In addition, Martinez requested attorney's fees and costs.

On August 10, 2009, this Court granted Defendants' Motion to Dismiss. The Court granted Defendants' Motion to Dismiss on the following grounds:

1. Plaintiff's claim for declaratory judgment that he was the owner of *Anytime, Anywhere Amanda* within the meaning of 17 U.S.C. § 201(a) was not ripe, since Plaintiff did not allege that Defendants ever claimed a right to Plaintiff's song at issue;

2. Plaintiff failed to plead facts that would entitle him to relief for copyright infringement, as Plaintiff failed to plead facts (i) that amounted to Defendants having access to *Anytime, Anywhere Amanda*, or (ii) that Defendant McGraw's song, *Everywhere* is substantially similar to Plaintiff's song;

3. Because Plaintiff failed to allege facts to warrant relief for copyright infringement, Plaintiff was not entitled to relief for Defendants' alleged violation of the Universal Copyright Convention, for which copyright infringement is a prerequisite finding; and

4. Plaintiff's alleged facts involving the Convention for the Protection of Producers of Phonograms did not raise a right to relief above the speculative level because Plaintiff provides a mere formulaic recitation of the required elements.

(Doc. No. 103.)

The Court also denied Plaintiff's motion to amend his Complaint because Plaintiff failed to provide the Court with his proposed amended complaint, nor did he give the Court any indication of how he intended to amend his Complaint. (*Id.*, at 15.)

On August 20, 2009, Plaintiff filed a Motion for a New Trial (Doc. No. 105). On September 4, Defendants filed a Motion for Extension of Time of File Motion for an Award of Attorneys' Fees (Doc. No. 107). On September 8, Defendants also filed a Response in

Opposition (Doc. No. 108). On September 29, without seeking leave from this Court, *see* L.R. 7.01(b), Plaintiff filed a Reply to Defendants' Response (Doc. No. 109).

## II.  LEGAL STANDARD

While Plaintiff's motion is entitled "Motion for New Trial," the Court will construe it as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). Parties may only be granted a new trial *after* a trial has been held. *See* Fed. R. Civ. P. 59(a). Here, the Court dismissed the case before its scheduled trial date. (Doc. No. 103.) Thus, Rule 59(e) is the applicable standard here. Rule 59(e) operates as follows:

> Rule 59(e) provides that parties can file a motion to alter or amend a judgment within ten days of entry of that judgment. Motions under Rule 59(e) may be based upon one of the following reasons: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. Rule 59(e) motions should not be based on legal arguments or evidence that the movant simply failed to raise in the earlier motion. Furthermore, where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal. Any motion made pursuant to Rule 59(e) must also state with particularity the grounds for the relief sought in the motion.

*Rhynes-Hawkins v. Potter*, 2010 U.S. Dist. LEXIS 3612 (W.D. Tenn. Jan. 15, 2010) (internal quotes and citations omitted).

It is also important to note that harmless error does not serve as a ground for relief from judgment. Fed. R. Civ. P. 61. A new judgment is only warranted if the absence of error would have caused a different outcome at trial. *See Langnes v. Godfrey*, 2009 U.S. Dist. LEXIS 33397, 7-8 (E.D. Tenn. Apr. 20, 2009) (citing *Morales v. American Honda Motor Co., Inc.*, 151 F.3d 500, 514 (6th Cir. 1998) (citing *Nida v. Plant Protection Ass'n Nat'l*, 7 F.3d 522, 527 (6th Cir. 1993))).

### III. ANALYSIS

In Plaintiff's Motion, Plaintiff does not state with particularity the grounds for relief under Rule 59(e). However, Plaintiff's Motion could be construed to assert that he should be granted relief from judgment because of clear error. In particular, Plaintiff states that:

1. His complaint is sufficient to support his claims for relief for copyright infringement; and

2. Because Plaintiff's claims for violations of the Universal Copyright Act, the Convention for Protection of Procedures of Phonograms, and an Accounting were all dismissed because of the improper dismissal of the copyright claim, those rulings should also be reconsidered.

(Doc. No. 105.) Plaintiff requests that the Court grant his Motion, or, in the alternative, if the Court determines Plaintiff has failed to state a claim, he asks the Court leave to amend the Complaint. (*Id.*, at 7.) We will address each argument in turn.

### A. Whether Plaintiff Stated a Valid Claim for Copyright Infringement

#### 1. *The August 10, 2009 Order's Statement of Facts*

Plaintiff asserts that if the Court had accepted all its allegations as true, it would have denied Defendants' Motion to Dismiss. (Doc. No. 105, at 4.) In deciding a motion to dismiss, while all factual allegations in the complaint are taken as true and all reasonable inferences are drawn in favor of the pleader, 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004), the Court need not accept as true legal conclusions or unwarranted factual inferences. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003).

In the Court's August 10, 2009 Order dismissing Plaintiff's claims (Doc. No. 103), the Court viewed Plaintiff's Complaint in a light most favorable to Plaintiff, but did not accept as true legal conclusions or unwarranted factual inferences. The Court hereby **CLARIFIES** its Order (*id.*) granting Defendants' Motion to Dismiss (Doc. No. 77).

In that Order, the Court wrote:

> Defendant McGraw's song, *Everywhere*, from Defendant's CD also entitled, *Everywhere*, is a copy of *Anytime, Anywhere Amanda*. Mr. Wiseman and Mr. Reid wrote Mr. McGraw's song, *Everywhere*, which Defendants copyrighted in 1997. Since early 1997, Defendants have been unlawfully reproducing, distributing, promoting, publicly performing, and offering for sale unauthorized copies of Plaintiff's song, *Anytime, Anywhere Amanda* in the form of Defendant McGraw's song, *Everywhere*.
> Defendant McGraw had access to Mr. Martinez's song via the studio where Mr. McGraw recorded his CD *Everywhere*. Terri Clark,[1] a non-party to the suit, is a recording artist who recorded a CD in the same studio where Defendant McGraw recorded his CD. Moreover, individuals who worked on Ms. Clark's CD also worked on Defendant McGraw's CD. Terri Clark's song *You're Easy on the Eyes*, incorporates lyrics from a song in Plaintiff's copyrighted Collection, entitled *Easy on the Eyes, Hard on the Heart*. As a result of Ms. Clark's similar song and affiliation with the abovementioned studio, Defendants had access to Plaintiff's Collection, thus enabling Defendants to copy it. In addition, Mr. McGraw's *Everywhere* CD contains another song, *Hard on the Ticker*, which is similar to the phrase, "hard on the heart," which is part of the title of a song in Plaintiff's Collection. This fact further illustrates Defendants' access to Plaintiff's Collection.
> As a result of the copyright infringement, Defendants' conduct has and continues to deprive Plaintiff of the benefits of selling his song. Moreover, as a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable damage and lost profits.
>
> ---
> [1] Plaintiff identifies Ms. Clark as "Terry Clark" in the Complaint. Presumably, Plaintiff meant to refer to Terri Clark, a country music artist who recorded an album, *How I Feel*, that contains a song entitled, *You're Easy on the Eyes*, which was released in 1998 on Mercury Records.

(*Id.* at 2-3.)

The Court hereby **AMENDS** that paragraph of its Order to state:

> <u>Plaintiff alleges that</u> Defendant McGraw's song, *Everywhere*, from Defendant's CD also entitled, *Everywhere*, is a copy of *Anytime, Anywhere Amanda*.

-6-

Mr. Wiseman and Mr. Reid wrote Mr. McGraw's song, *Everywhere*, which Defendants copyrighted in 1997. Plaintiff states that since early 1997, Defendants have been unlawfully reproducing, distributing, promoting, publicly performing, and offering for sale unauthorized copies of Plaintiff's song, *Anytime, Anywhere Amanda* in the form of Defendant McGraw's song, *Everywhere*.

Plaintiff alleges Defendant McGraw had access to Mr. Martinez's song via the studio where Mr. McGraw recorded his CD *Everywhere*. Terri Clark,[1] a non-party to the suit, is a recording artist who recorded a CD in the same studio where Defendant McGraw recorded his CD. Moreover, individuals who worked on Ms. Clark's CD also worked on Defendant McGraw's CD. Plaintiff argues that Terri Clark's song *You're Easy on the Eyes*, incorporates lyrics from a song in Plaintiff's copyrighted Collection, entitled *Easy on the Eyes, Hard on the Heart*. Plaintiff states that as a result of Ms. Clark's similar song and affiliation with the abovementioned studio, Defendants had access to Plaintiff's Collection, thus enabling Defendants to copy it. In addition, Mr. McGraw's *Everywhere* CD contains another song, *Hard on the Ticker*, which is similar to the phrase, "hard on the heart," which is part of the title of a song in Plaintiff's Collection. Plaintiff asserts that this fact further illustrates Defendants' access to Plaintiff's Collection.

Plaintiff puts forward that as a result of the copyright infringement, Defendants' conduct has and continues to deprive Plaintiff of the benefits of selling his song. Moreover, he states that as a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable damage and lost profits.

---

[1] Plaintiff identifies Ms. Clark as "Terry Clark" in the Complaint. Presumably, Plaintiff meant to refer to Terri Clark, a country music artist who recorded an album, *How I Feel*, that contains a song entitled, *You're Easy on the Eyes*, which was released in 1998 on Mercury Records.

The rest of the Order remains as written.

### 2. *The Court's Proper Dismissal of Plaintiff's Complaint*

Plaintiff's Motion argues that his Complaint should not have been dismissed under Rule 12(b)(6) because it pleaded facts that support a claim of copyright infringement. (Doc. No. 105, at 3-4.) To make a prima facie case for copyright infringement, Plaintiff must allege (1) that he owns a valid copyright; and (2) that the defendants copied constituent elements of the work that are original. *Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff has not demonstrated any direct evidence of copying. Without direct evidence of copying, a plaintiff must show that (1) defendants had access to the plaintiff's copyrighted work; and (2)

-7-

that the works at issue are substantially similar in their protected elements. *See Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 316 (6th Cir. 2004). The failure to allege either access or substantial similarity is grounds for dismissal.

Plaintiff failed to state a plausible claim of copyright infringement, as he fails to allege beyond mere speculation that Defendants had access to his copyrighted work. Although Plaintiff is not required to plead "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiff fails to state facts that could raise even an inference of access. Plaintiff speculates that because Terri Clark, a non-party musician, and Defendant McGraw recorded their albums at the same studio and shared musical personnel to produce their albums, Defendants had access to Plaintiff's song. Plaintiff speculates that Ms. Clark had concurrent dealings with himself and Defendants based on the fact that one of Ms. Clark's song titles is similar to Plaintiff's and Ms. Clark and Mr. McGraw recorded their albums in the same studio with help from some of the same individuals.

However, Plaintiff does not allege any facts regarding how his song *Anytime, Anywhere Amanda* got into the hands of Ms. Clark's personnel and songwriters or even that his song was played in hearing range of Ms. Clark's personnel and songwriters or that Ms. Clark's personnel and songwriters had any contact with Plaintiff or Plaintiff's Collection. "[E]vidence that a third party with whom both the plaintiff and defendant were concurrently dealing had possession of plaintiff's work [may be] sufficient to establish access by the defendant, [however] access may not be inferred through mere speculation or conjecture." *Jones v. Blige*, 558 F.3d 485, 491 (6th Cir. 2009) (quoting *Murray Hill Publ'n*, 361 F.3d at 316). Here, Plaintiff fails to provide facts

-8-

that would show Ms. Clark had possession of Plaintiff's song at any point or that she, or people she worked with, made Plaintiff's song available to Defendants.

### 3. Whether the Court Improperly Made a Finding of Fact That the Two Works Were Not "Substantially Similar"

In Plaintiff's Motion, Plaintiff writes: "[I]t appears that the Court did not believe the factual allegations and granted the dismissal on that basis . . . . The Court does not cite to any case which says that a plaintiff is required to show how two songs are 'substantially similar' in the complaint. Instead, it would be for the jury to decide how the songs are substantially similar." (Doc. No. 105, at 5.)

Indeed, the plaintiff need not plead an abundance of specific facts at the pleading stage; the purpose of a complaint is limited to providing the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

However, it is, at times, proper for the district court to review the existence of substantial similarity between two works when considering a motion to dismiss. *See*, *e.g.*, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (Utah 2002). In the context of copyright infringement, when a party fails to delineate the basis upon which a plaintiff claims two works are "substantially similar," it is "impossible for Defendants to answer or defend against Plaintiff's claim," and plaintiff's claim must be dismissed. *Phillips v. Murdock,* 543 F. Supp. 2d 1219, 1227 (D. Haw. 2008). There are even instances when the Court may look beyond the complaint to decide a motion to dismiss for copyright infringement. "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (citing *GFF*

-9-

*Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997).

Regardless, the Court need not address the issue of substantial similarity at this stage. Because Plaintiff failed to properly allege a theory of access to Plaintiff's copyrighted material, Plaintiff's claim must fail regardless of whether the two works were substantially similar.

### B.  Plaintiff's Remaining Claims

Plaintiff states that because the Universal Copyright Act, Convention for the Protection of Produces of Phonograms, and accounting claims all were dismissed based on Plaintiff's Copyright Act claims, the remaining claims were also properly imdismissed. (Doc. No. 105, at 5.) Because the Court has found no grounds for relief under the Copyright Act, the Court's other holdings under the Order remain unaltered.

### C.  Motion to Amend the Complaint

Plaintiff seeks, in the alternative, to amend his Complaint. (Doc. No. 105.) While Plaintiff's Motion did not include a copy of a proposed amended complaint, Plaintiff submitted an Amended Complaint in his Reply to Defendant's Response in Opposition to the Motion for a New Trial (Doc. No. 109).

Federal Rule of Procedure 15(a) instructs the Court to allow the parties to amend their pleadings whenever "justice so requires." Fed. R. Civ. P. 15. Discretion to grant leave to amend, however, diminishes after a final judgment is entered. *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008); 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1489 (2d ed. 1990). In the post-judgment context, the Court must consider the strong policy in favor of "finality of judgments and expeditious termination of litigation." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Generally, a court will not grant leave to

-10-

Case 3:08-cv-00738   Document 111   Filed 04/14/10   Page 10 of 11 PageID #: 798

amend the pleadings after entry of a final judgment unless the judgment is set aside or vacated under Rule 59 or 60.  *Oleson v. U.S.*, 27 Fed. App'x. 566, 570 n.1 (6th Cir. 2001).

Because the Court has declined to set aside or vacate its judgment under Rule 59, and Plaintiff has not stated why justice otherwise requires the admission of an amended complaint after final judgment has been entered, Plaintiff is not granted permission to file an amended complaint.

**IV.   CONCLUSION**

For the forgoing reasons, Plaintiff's Motion is hereby **DENIED**, and Defendants' Motion is **GRANTED**.

It is so ORDERED.

Entered this the _____ day of April, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

-11-