UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES MARTINEZ,           )
                           )
        Plaintiff,     )
                           )
        v.           )   NO.  3:08-0738
                           )   Judge Campbell/Bryant
SAMUEL TIMOTHY McGRAW, et al.,  )   **Jury Demand**
                           )
        Defendants.    )

TO: The Honorable Todd J. Campbell

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff has filed his motion for leave to file his first amended complaint (Docket Entry No. 168). Defendants have filed a response in opposition (Docket Entry No. 184) arguing (1) that plaintiff's proposed amendments are futile because they cannot withstand a motion to dismiss and (2) plaintiff's motion to amend should be stricken because plaintiff has not employed local counsel pursuant to Local Rule 83.01.

For the reasons stated below, the undersigned Magistrate Judge recommends that plaintiff's motion for leave to amend the complaint should be denied.

Plaintiff states in his motion that he seeks to amend the complaint "to clarify factual allegations and appropriately plead causes of action." The motion further states that "[w]hile some new causes of action are added, these claims could have been pled under the factual statements of Plaintiff's Original Complaint that is currently on file" (Docket Entry No. 168 at 3). Plaintiff's

motion fails to specify the specific factual allegations to be clarified, and the causes of action which plaintiff seeks to add.

Nevertheless, a comparison of the original complaint (Docket Entry No. 1) and the proposed first amended complaint (Docket Entry No. 168-2) shows that the causes of action not contained in the original complaint but added in the proposed amended complaint are: (1) violation of the Digital Millennium Copyright Act (fourth claim for relief) and (2) unjust enrichment (fifth claim for relief). Defendants argue that the motion to amend should be denied as futile because (1) the provisions of the Millennium Copyright Act have no application to the facts of this case and (2) plaintiff's claim for unjust enrichment is preempted by the Copyright Act. (Docket Entry No. 184 at 2-4).

## Analysis

Defendants filed a motion to dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure on June 8, 2007 (Docket Entry No. 12). Since plaintiff's motion for leave to amend his complaint was not filed within 21 days after service of this motion to dismiss, plaintiff no longer has the right to amend his complaint as a matter of course. Rule 15(a)(1)(B), Federal Rules of Civil Procedure. Therefore, plaintiff may now amend his complaint only with consent of the defendants or by leave of court. Rule 15(a)(2). This subsection states that the court "should freely give leave when justice so requires." Id.

Despite this liberal standard favoring amendment of

pleadings, an exception is made when the proposed amendment would be futile. <u>Seals v. General Motors Corp.</u>, 546 F.3d 766, 770 (6th Cir. 2008). An amendment is deemed futile when the proposed amended complaint would not withstand a motion to dismiss pursuant to Rule 12(b)(6). <u>See</u> <u>Brown v. Owens Corning Inv. Review Committee</u>, 622 F.3d 564, 574 (6th Cir. 2010) (citing <u>Rose v. Hartford Underwriters Ins. Co.</u>, 203 F.3d 417, 420 (6th Cir. 2000)). Defendants argue that plaintiff's motion to amend should be denied as futile because the additional claims that plaintiff seeks to add cannot withstand a motion to dismiss.

The Digital Millennium Copyright Act claim. Plaintiff seeks to add by amendment a claim alleging that defendants have violated the Digital Millennium Copyright Act (Docket Entry No. 168-2 at 12-14). However, plaintiff's proposed amended complaint fails to specify any specific statutory provision that he claims defendants have violated.[1] Moreover, his allegations under this claim for relief are wholly conclusory and amount to recitations of what plaintiff apparently contends are the elements of a claim under this statute. The Supreme Court has held that the requirement of accepting the truth of a complaint's allegations

---

[1] Title 17, § 1203, of the United States Code provides certain civil remedies for violations of §§ 1201 or 1202, but §§ 1201 and 1202 appear to prohibit producing or selling any technology or other product that is primarily designed to circumvent technology that controls access to works protected by the Copyright Act. The undersigned Magistrate Judge has been unable to ascertain how these provisions apply to the facts of this case, and plaintiff's proposed amended complaint fails to offer an explanation.

does not apply to legal conclusions, even where such conclusions are couched as factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires that the plaintiff must allege enough facts to make the claim plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 566 (2007). The complaint must be more than "a formulaic recitation of the elements of a cause of action." Id. at 555.

The undersigned Magistrate Judge finds that the "fourth claim for relief" under the Digital Millennium Copyright Act in the proposed amended complaint consists altogether of conclusory allegations devoid of any facts that would make such a claim plausible in this case. Therefore, this claim for relief does not satisfy the pleading requirements under Twombly and Iqbal, and cannot survive a motion to dismiss.

Unjust enrichment. The proposed amended complaint also seeks to add a "fifth claim for relief" under the cause of action of unjust enrichment. Plaintiff alleges that he conferred a benefit upon the defendants, that defendants appreciated such benefit, and that defendants accepted such benefit under circumstances such that it would be inequitable for defendants to retain the benefit without payment of the value thereof to the plaintiff (Docket Entry No. 168-2 at 4). This Court has held that such a claim is in essence a claim of an implied-in-law contract and, as such, is preempted by the Copyright Act. See Brainard v. Vassar, 561 F.Supp.2d 922, 932-33 (M.D. Tenn. 2008).

Since the unjust enrichment claim in the proposed amended complaint is preempted by the Copyright Act, the undersigned Magistrate Judge finds that this added claim cannot survive a motion to dismiss and is therefore futile.

## RECOMMENDATION

For the reasons stated in this report and recommendation, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's motion for leave to amend his complaint should be **DENIED** on the grounds that the additional claims that he seeks to add cannot withstand a motion to dismiss and therefore are futile.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

---

[2]Defendants also argue that plaintiff's motion to amend should be stricken because plaintiff's counsel of record, Mr. Ramey, is neither a resident of Tennessee nor has his principal law office in Tennessee, and that plaintiff has failed to associate qualified Tennessee counsel, as required by Local Rule 83.01(h)(1). Defendants have filed their separate motion to strike plaintiff's pleadings on this ground (Docket Entry No. 173), and the undersigned Magistrate Judge will consider this issue in ruling on that motion.

<u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111

(1986).


    **ENTERED** this 5th day of April 2012.

                                   <u>s/ John S. Bryant            </u>
                                   JOHN S. BRYANT
                                   United States Magistrate Judge