```
                UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

JAMES MARTINEZ,                  )
                                 )
        Plaintiff,                )
                                 )
        v.                       )   NO. 3:08-0738
                                 )   Judge Campbell/Bryant
SAMUEL TIMOTHY McGRAW, et al.,   )   **Jury Demand**
                                 )
        Defendants.              )

## MEMORANDUM AND ORDER

Defendants have filed their motion for sanctions (Docket Entry No. 170) based upon plaintiff's alleged failure to produce certain documents that plaintiff brought with him to his discovery deposition on March 19, 2009. Plaintiff has filed a response in opposition (Docket Entry No. 171).

For the reasons stated in this memorandum and order, the undersigned Magistrate Judge denies defendants' motion for sanctions without prejudice to defendants' right to move to exclude from evidence at trial any responsive document not timely produced by plaintiff that is the subject of this order.

## Background

Plaintiff initially filed this case on March 8, 2007, alleging that defendants had infringed his copyright in a song written by plaintiff and entitled "Anytime, anywhere, Amanda." Plaintiff alleges that the song entitled "Everywhere" recorded by defendant McGraw was copied from plaintiff's earlier copyrighted work.

On March 19, 2009, counsel for defendants took the discovery deposition of plaintiff Martinez. Apparently, at that deposition plaintiff Martinez arrived with a rolling suitcase containing certain documents. During the course of the deposition, some of plaintiff's documents were marked and made part of the deposition record as Exhibit No. 23 (Docket Entry No. 171-1 at 29-30). It further appears from the record that other documents brought by plaintiff to his deposition consisted of notes that plaintiff had written to his lawyer (Id. at 30-31). These documents, and perhaps others, were not produced to defense counsel at the deposition.

Following remand of this case to this Court from the Sixth Circuit Court of Appeals, the undersigned Magistrate Judge conducted a telephone case management conference with the parties on September 28, 2011. At that time, plaintiff's earlier counsel had withdrawn, and plaintiff was unrepresented. He participated in the telephone case management conference pro se. During that telephone conference, the subject of additional documents brought to plaintiff's deposition but not produced there was discussed. Counsel for defendants requested that these documents be turned over, and plaintiff Martinez agreed to produce on or before November 12, 2011, any remaining documents in his possession responsive to defendants' prior discovery requests. On October 13, 2011, the undersigned Magistrate Judge entered a scheduling order

2

in this case which provided, among other things, as follows: "Plaintiff agrees to produce the remaining responsive documents, that are in his possession, to Defendants' prior discovery requests by November 12, 2011."

Shortly after entry of this scheduling order, plaintiff employed Mr. Ramey as his new lawyer (Docket Entry No. 163). After certain discussions between Mr. Ramey and defendants' lawyers concerning documents brought by plaintiff to his deposition but not produced, defendants filed their current motion for sanctions based upon plaintiff's failure to produce the subject documents.

## Analysis

In his response (Docket Entry No. 171), plaintiff makes essentially two arguments. First, he argues that failure to produce documents by the deadline contained in the Court's October 13, 2011, scheduling order cannot be the basis for discovery sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. Second, plaintiff, through his counsel, Mr. Ramey, states that plaintiff has, in fact, complied with the Court's scheduling order and has already produced "all of the non-privileged documents taken to the deposition." (Docket Entry No. 171 at 7). Plaintiff further states in his response: "Plaintiff has produced all responsive documents that were at the Martinez deposition, exactly as requested by defendants' counsel." (Id.)

Given plaintiff's representation in this record that he has produced all responsive, nonprivileged documents that were in

3

his possession at his deposition, the undersigned Magistrate Judge finds that defendants' motion for sanctions must be denied. Defendants also seek as alternative relief an order excluding from evidence at trial any responsive document that plaintiff has failed to produce in discovery. While such a remedy is among the sanctions provided in Rule 37(b)(2)(A)(ii), the undersigned Magistrate Judge is unwilling at this stage of the proceedings to enter an order excluding evidence at trial. The undersigned considers rulings on admissibility of evidence to be the proper prerogative of the trial judge.

For the reasons stated in this memorandum and order, defendants' motion for sanctions (Docket Entry No. 170) is **DENIED** without prejudice to defendants' right to file a later motion to prohibit plaintiff from introducing into evidence at trial any responsive document that he has not produced in discovery.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge