UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:08-0738 |
| | ) | Judge Campbell/Bryant |
| SAMUEL TIMOTHY McGRAW, et al., | ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending in this case is a motion to intervene pursuant to Rule 24, Federal Rules of Civil Procedure, filed on behalf of Chad Etheridge, a Texas attorney (Docket Entry No. 176).

As grounds, Mr. Etheridge asserts that he was employed by plaintiff Martinez in August 2011, to serve as counsel for plaintiff in this case. Mr. Etheridge further claims that after he had performed certain services pursuant to his employment contract, plaintiff wrongfully terminated him on or about October 7, 2011 (Docket Entry No. 176-1). Mr. Etheridge seeks to assert claims against plaintiff for breach of contract and, alternatively, the theories of *quantum meriut*, promissory estoppel and unjust enrichment. Mr. Etheridge also maintains that he has an interest relating to the property or transaction that is the subject of this action and that he is so situated that disposing of this action may as a practical matter impair or impede his ability to protect his interests unless he is allowed to intervene.

Plaintiff Martinez has filed a response in opposition (Docket Entry No. 186). In his response, plaintiff Martinez admits that he began consulting with Mr. Etheridge on or about August 7, 2011, and that he fired Mr. Etheridge, allegedly for cause, on or about October 7, 2011. Plaintiff Martinez asserts that Mr. Etheridge's motion to intervene is untimely, that plaintiff will be greatly prejudiced if Mr. Etheridge is allowed to intervene, that there would be no impairment to Mr. Etheridge's interest if intervention were denied, and that if Mr. Etheridge is allowed to intervene, his participation in the underlying case should be limited.

Defendants have filed a response (Docket Entry No. 187) to Mr. Etheridge's motion to intervene in which they state, in summary, that Mr. Etheridge has no direct claim against any of the defendants but, to the extent that his claims are limited to claims against plaintiff Martinez, defendants do not oppose his motion for intervention.

The undersigned Magistrate Judge finds that, to the extent that Mr. Etheridge claims a contingency fee interest in any recovery by plaintiff Martinez in the underlying action, he does claim an interest relating to the property that is the subject of this action, and that he is so situated that a disposition of the underlying case may impair or impede his ability to protect his interest if he is not allowed to intervene. Accordingly, the undersigned Magistrate Judge finds that Mr. Etheridge's motion for

leave to intervene should be GRANTED, and that his complaint in intervention (Docket Entry No. 176-1) should be filed in this action.

Despite the above ruling, the undersigned Magistrate Judge finds that all proceedings with regard to the complaint in intervention should be STAYED pending a disposition, by judgment or by settlement, of the underlying action by plaintiff Martinez against the defendants and that Mr. Etheridge should not be required, nor permitted, to participate in the litigation of the underlying action.

It is so **ORDERED**.

    s/ John S. Bryant
    JOHN S. BRYANT
    United States Magistrate Judge