UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:08-0738 |
| | ) | Judge Campbell/Bryant |
| SAMUEL TIMOTHY McGRAW, et al., | ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Martinez has filed his motion to compel responses to three requests in his first request for production served on defendants (Docket Entry No. 185). Defendants have responded in opposition (Docket Entry No. 195), and plaintiff has filed a reply (Docket Entry No. 200-2).

For the reasons stated below, plaintiff's motion to compel is GRANTED in part and DENIED in part.

### Brief Statement of the Case

This is an action for copyright infringement. Plaintiff Martinez alleges that in 1996 he wrote a song entitled "Anytime, Anywhere, Amanda," and that he copyrighted this song on December 6, 1996. Plaintiff asserts that a song entitled "Everywhere" performed by defendant McGraw is a copy of plaintiff's work, and that defendants have infringed plaintiff's copyright by selling and performing the infringing song without plaintiff's authorization.

Defendants deny that the song "Everywhere" was copied

from plaintiff's earlier work, and they maintain that "Everywhere" is an original composition written by defendants Wiseman and Reid.

### Plaintiff's Motion to Compel

Plaintiff by the present motion seeks an order requiring defendants to serve additional responses to requests numbers 12, 17 and 18 of plaintiff's first requests for production served on defendants. The undersigned Magistrate Judge will address each individual request in numerical order.

**Plaintiff's Request for Production No. 12**. Plaintiff's Request for Production No. 12 reads as follows: "All contracts between and amongst any of the Defendants and/or any other documents evidencing the Defendants' relationship(s) to the *Everywhere* album."

In response, defendants have produced licensing contracts, licensing correspondence and producer agreements for the song "Everywhere," but they have objected to further production on the grounds that the request is "overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence." (Docket Entry No. 95 at 3). By way of explanation, defendants assert that the album entitled *Everywhere* includes not only the song "Everywhere" at issue in this case but also a number of other, unrelated songs with respect to which plaintiff asserts no claims. Therefore, to the extent that plaintiff's Request No. 12 seeks all contracts and other documents with respect to the *Everywhere* album, it seeks information that is

2

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1), Federal Rules of Civil Procedure.

In his reply plaintiff states: "Plaintiff needs and is entitled to all of the contracts between the Defendants related to the song *Everywhere*." (Docket Entry No. 200-2 at 3). The undersigned Magistrate Judge is inclined to agree.

The undersigned finds that plaintiff is entitled to any contracts or other documentation between and among the defendants related to the song "Everywhere," regardless of whether such contracts or correspondence refer solely to this song or to this song as an included work in the album *Everywhere*. To the extent that defendants have not already done so they shall produce such contracts and documents to the plaintiff. Defendants shall not be required to produce contracts or documents with respect to the other songs included on the *Everywhere* album to the extent that such contracts and documents neither refer to, include, nor relate to the song "Everywhere."

**Plaintiff's Request for Production No. 17**. Plaintiff's Request for Production No. 17 reads as follows: "Documents evidencing the amount of money Defendants have received from the sale of recordings, lyric sheets and/or other materials embodying *Everywhere* from 1997 to the present."

Defendants state that they have produced documents responsive to this request for the period March 8, 2004, to the

3

present, and that they will supplement their response to reflect sales since their earlier production. Defendants object, however, to producing responsive information for the period before March 8, 2004, on the grounds that the three-year statute of limitations for copyright infringement bars claims earlier than three years before the filing of the complaint. <u>Bridgeport Music, Inc. v. Rhyme Syndicate Music</u>, 376 F.3d 615, 621 (6th Cir. 2004).

In response, plaintiff argues, at least by implication, that he has alleged fraudulent concealment of the infringement, and that such fraudulent infringement tolls the applicable statute of limitations (Docket Entry No. 185-1 at 10). Specifically, plaintiff argues that allegations in the complaint that defendants marketed the song "Everywhere" bearing their own copyright amounts to fraudulent concealment of their wrongdoing (Docket Entry No. 200-2 at 5). Plaintiff relies upon the decision of <u>Taylor v. Meirick</u>, 712 F.2d 1112, 1118 (7th Cir. 1983) as support for this position. However, The <u>Meirick</u> case involved not popular songs but instead fishing maps of three Illinois lakes. The court found as follows: "The features that made [plaintiff's] maps copyrightable – and we repeat that the validity of his copyrights is not contested – were subtle and would easily escape notice with another's name affixed as copyright holder." <u>Id.</u> at 1118.

Here, in contrast, plaintiff alleges that defendants copied his song, had it recorded by defendant McGraw, an internationally prominent country music artist, and marketed the

4

song for public consumption through compact disc sales, electronic downloads, and radio air play. Given these distinguishing facts, the undersigned Magistrate Judge is not persuaded that the fact that defendants placed their copyright on this work amounts to fraudulent concealment. See <u>Bridgeport Music, Inc. v. Rhyme Syndicate Music</u>, 376 F.3d 615 (6th Cir. 2004); <u>Stone v. Williams</u>, 970 F.2d 1043, 1049-50 (2nd Cir. 1992).

Given the requirement in Rule 9(b) of the Federal Rules of Civil Procedure that the circumstances supporting a claim of fraud must be plead with particularity, the undersigned Magistrate Judge finds that plaintiff's complaint fails to meet the standard and does not state a claim of fraudulent concealment merely because plaintiff alleges that defendants marketed the subject song bearing their own copyright. Accordingly, under the authorities cited above, plaintiff's claims are limited to the period of three years immediately preceding the filing of his complaint. The complaint was filed on March 8, 2007 (Docket Entry No. 1), and defendants maintain that they have produced documents revealing the revenues they earned from the subject song during the three years prior to this filing date.

For the reason stated above, the undersigned Magistrate Judge finds that, to the extent that plaintiff's request for production seeks information regarding revenues that predated this period, such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

5

Accordingly, with respect to Request for Production No. 17, plaintiff's motion to compel must be DENIED.

**Plaintiff's Request for Production No. 18.** Request for Production No. 18 reads as follows: "Copies of pleadings in any lawsuit involving copyright infringement to which any of the Defendants have been a party."

Defendants have objected to this request on grounds that it is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." In their motion papers, defendants add that the requested information is likely inadmissible pursuant to the provisions of the Federal Rules of Evidence and that copies of pleadings are generally available as part of the public record.

Without deciding whether such information will or will not be admissible at trial, the undersigned Magistrate Judge finds that defendants should provide plaintiff with a list of each lawsuit filed within the last ten years alleging copyright infringement by any of the defendants. This list shall include for each such case the title of the case, the name of the court where it was filed, and the docket number. Defendants shall not be required to provide copies of pleadings, since plaintiff should be able to obtain such information for himself from the public record.

To the extent that this memorandum and order directs defendants to serve supplemental responses, such responses shall be served on or before **September 28, 2012.**

The undersigned Magistrate Judge finds that oral argument on plaintiff's motion to compel is not necessary and defendants' motion for oral argument (Docket Entry No. 196) is DENIED.

It is so **ORDERED**.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge