IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES MARTINEZ )
)
v. ) NO. 3-08-0738
) JUDGE CAMPBELL
SAMUEL TIMOTHY MCGRAW, et al. )

MEMORANDUM

Pending before the Court, among other things, is Plaintiff's Motion to Dismiss Intervenor Chad Etheridge's Complaint (Docket No. 372). For the reasons stated herein, Plaintiff's Motion is DENIED.

Intervenor Chad Etheridge filed a Motion to Intervene in this action (Docket No. 176), which was granted by the Magistrate Judge (Docket No. 363). After his Motion to Intervene was granted, Intervenor Etheridge filed a Complaint in Intervention (Docket No. 364), alleging that Plaintiff Martinez herein hired Etheridge, an attorney, to represent him in this case and then breached a contract with Etheridge by firing him without cause. Intervenor seeks damages for breach of contract or, alternatively, quantum meruit, promissory estoppel or unjust enrichment. Docket No. 364. In allowing the intervention, the Magistrate Judge specifically found that all proceedings with regard to the Complaint in Intervention should be stayed pending a final disposition of the underlying action. The Magistrate Judge also found that Mr. Etheridge should not be allowed to participate in the litigation of the underlying action. Docket No. 363. This Court affirmed those findings. Docket No. 376.

Plaintiff has moved to dismiss the Complaint in Intervention pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6) and 12 (e). Plaintiff first argues that he has not been properly

served with the Intervenor's Complaint. Service was accomplished, however, pursuant to Fed. R. Civ. P. 5(b)(3) and Local Rule 5.03(b). Plaintiff also contends that the Complaint in Intervention fails to state a claim upon which relief may be granted.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DISCUSSION

Plaintiff argues that Intervenor has failed to plead details and facts to support each element of his claims. The Court finds that, with one exception noted below, the Intervenor has sufficiently pled his claims for breach of contract and other state law claims arising from Plaintiff's contract with Etheridge for legal services. Whether Intervenor will ultimately succeed on claiming a part of any recovery Plaintiff may (or may not) make in this action, cannot be determined until the underlying litigation is completed.

2

Intervenor's Complaint (Docket No. 364) makes reference to certain documents, a contract between Intervenor and Plaintiff and a document terminating Intervenor's employment. Despite Intervenor's representations that these documents are attached as Exhibits 1 and 2, no such documents have been filed. Intervenor shall file, by October 15, 2012, the referenced Exhibits 1 and 2 to his Complaint.

Moreover, the Court notes again and specifically orders that all proceedings with regard to the Complaint in Intervention, including any deadlines for filing a responsive pleading thereto, are STAYED pending a final disposition of the underlying action. In addition, Intervenor Etheridge shall not participate in the litigation of the underlying action.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE