```
                UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

JAMES MARTINEZ,                  )
                                 )
        Plaintiff,               )
                                 )
        v.                       )   NO.  3:08-0738
                                 )   Judge Campbell/Bryant
SAMUEL TIMOTHY McGRAW, et al.,   )   **Jury Demand**
                                 )
        Defendants.              )

## MEMORANDUM AND ORDER

Plaintiff has filed his motion to compel responses to plaintiff's second set of interrogatories to defendants McGraw, Reid and Wiseman (Docket Entry No. 258). By this motion, plaintiff seeks to compel responses to two interrogatories addressed to defendant McGraw and one interrogatory each addressed to defendants Reid and Wiseman (Docket Entry No. 258-1 at 2). Defendants have filed a response in opposition (Docket Entry No. 275).

For the reasons stated below, plaintiff's motion is GRANTED in part and DENIED in part.

## Analysis

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part that, as a general rule, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. The rule further provides that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 1 to McGraw.  Interrogatory No. 1 of plaintiff's second set of interrogatories to defendant McGraw reads as follows: "Please identify each and every concert performance of the song *Everywhere* you performed from January 1, 1997 to the present."  Defendant McGraw has objected to this interrogatory as overly broad since it "encompasses the past 15 years of Tim McGraw's vast career and to comply with the request would be an undue burden and expense on McGraw.  McGraw has performed hundreds of concerts in the past 15 years and at many of these concerts, the song *Everywhere* was performed."  (Docket Entry No. 258-9 at 1-2).

Plaintiff argues that the information sought by this interrogatory is relevant for the calculation of damages upon a determination that the song *Everywhere* infringed plaintiff Martinez's prior work.  Specifically, plaintiff argues that ticket sales are a portion of the gross revenue received by McGraw for the song *Everywhere*. In support of this proposition plaintiff cites the decision of Cream Records, Inc. v. Jos. Schlitz Brewing Co., 754 F.2d 826 (9th Cir. 1985).  The undersigned has reviewed the Cream Records case and has found it to be inapposite, since it deals with a song used in a beer advertisement but has nothing to do with ticket sales for public performances.

In response, defendants argue that revenue from concerts in the form of ticket sales is not relevant because concert goers who purchase tickets have no advance knowledge of the songs that

2

McGraw may perform at a given concert. In addition, defendants insist that seeking this information from January 1, 1997, to the present is excessive because the three-year statute of limitations limits plaintiff's claims to those occurring after March 8, 2004.

The undersigned observes that neither party has cited any controlling law governing damages based upon public performances of a work in a similar case. In the absence of such legal authority, and without expressing any opinion whether public performances of an allegedly infringing work may be considered for damages purposes, the undersigned finds that the information sought may be relevant or may be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the undersigned ORDERS that defendant McGraw shall produce a listing by date and location of each concert at which he performed the song *Everywhere* from January 1, 1997, until the present.

<u>Interrogatory No. 2 to McGraw and No. 1 to Reid and Wiseman</u>. Interrogatory No. 2 in the second set of interrogatories to defendant McGraw states as follows: "Please identify which church you attend in Tennessee." Interrogatories No. 1 to both defendant Reid and defendant Wiseman are identical. All defendants have objected to these interrogatories on the grounds that the information sought is not relevant nor likely to lead to the discovery of admissible evidence, and is designed to harass the defendants.

In his supporting memorandum, plaintiff, without further explanation, states merely that where these defendants attend services "is important as proof of access." Plaintiff fails to suggest any way that the churches that these three defendants attend could have any bearing on access. Moreover, all three interrogatories are stated in the present tense, clearly suggesting that plaintiff wants to know where these defendants attend church at the present time. Since the allegedly infringing song *Everywhere* was recorded by defendant McGraw in 1997, and allegedly written by defendants Reid and Wiseman before that, the undersigned Magistrate Judge is baffled how information about where these three defendants attend church now could possibly have anything to do with access or any other issue in this case. For this reason, the undersigned Magistrate Judge finds that plaintiff's motion to compel further response to Interrogatory No. 2 to McGraw and Interrogatory No. 1 to both Reid and Wiseman must be DENIED.

To the extent that this order requires a further response from defendant McGraw, such response shall be served on or before **February 22, 2013.**

It is so **ORDERED**.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge