```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF TENNESSEE
       NASHVILLE DIVISION
```

JAMES MARTINEZ,                  )
                                 )
        Plaintiff                )
                                 )
           v.                    )  NO. 3:08-0738
                                 )  Judge Campbell/Bryant
SAMUEL TIMOTHY McGRAW, et al.,   )  **Jury Demand**
                                 )
        Defendants               )

## MEMORANDUM AND ORDER

Plaintiff Martinez has filed his third motion to compel responses from Defendants (Docket Entry No. 284). By this motion, Plaintiff seeks an order compelling Defendants to serve additional responses to Plaintiff's written discovery seeking the amounts received by Defendants as gross revenue from the song "Everywhere" and the album entitled "Everywhere" (Docket Entry No. 284-1 @ 2). Defendants have filed a response in opposition (Docket Entry No. 303).

For the reasons stated below, the undersigned **GRANTS** Plaintiff's motion to compel subject to the limitations stated in this order.

## ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provide that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and that relevant information need not be admissible at

the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

By this motion, Plaintiff seeks an order compelling Defendants to provide the amounts of gross revenues they have received from the song "Everywhere" and the album entitled "Everywhere." Plaintiff in this action alleges that the song "Everywhere" was wrongfully copied from his copyrighted prior work.

In response, Defendants make several arguments. First, Defendants assert that Plaintiff's motion to compel is untimely since fact discovery closed on July 2, 2012, and Plaintiff did not file his motion to compel until July 16, 2012. Second, Defendants argue that Plaintiff has failed to comply with Local Rule 37.01(b)(2)(d), which requires that a motion to compel include the response and grounds assigned or any objection. Third, Defendants claim that they have already produced to Plaintiff documents showing the revenue for the song "Everywhere," and that Plaintiff's current request is duplicative and unreasonably cumulative. Finally, Defendants argue that additional information sought by Plaintiff would not change the outcome of this case, citing *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006).

Title 17, § 504(b), of the United States Code provides the measure of actual damages and profits that may be recovered by a copyright owner who proves that another has infringed his copyright. This statute provides that the copyright owner is entitled to recover the actual damages suffered by him as a result

2

of the infringement, "and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." The statute further provides that the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer thereafter is required to prove his expenses and elements of profit attributable to factors other than the copyrighted work.

From the foregoing statute, the undersigned finds that evidence of gross revenues received by Defendants attributable to the song "Everywhere" is relevant to the issue of recoverable damages in this case. To the extent that Defendants have not previously provided the amounts of gross revenues they have received attributable to the song "Everywhere," the undersigned finds that such information should be produced.

The relevance of gross proceeds received by Defendants for the album "Everywhere" is somewhat less, because the album included not only the song "Everywhere" but also a number of other songs for which Plaintiff admittedly has no claim. Accordingly, the undersigned finds that, if Defendants have not already done so, Defendants shall produce to Plaintiff the amounts of their gross revenues attributable to the inclusion of the song "Everywhere" on the album of the same name if there is a generally accepted method of allocating revenues from an album among the various songs that are included on that album. If there is no generally accepted method of making such an allocation, Defendants shall disclose to

3

Plaintiff their gross revenues from the album "Everywhere" as a whole, subject to their offering proof at trial that such revenues are attributable to songs other than the allegedly infringing work.

To the extent that this order requires Defendants to make supplemental responses to their prior discovery, such responses shall be served by **February 25, 2013**.

It is so **ORDERED**.

                                        s/ John S. Bryant
                                        JOHN S. BRYANT
                                        United States Magistrate Judge