UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES MARTINEZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | NO. 3:08-0738 |
| ) | Judge Campbell/Bryant |
| SAMUEL TIMOTHY McGRAW, et al., ) | **Jury Demand** |
| ) | |
| Defendants ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed his motion to compel responses to Plaintiff's sixth request for production to Defendant Curb Records, Inc. (Docket Entry No. 285). Defendant Curb Records has filed a response in opposition (Docket Entry No. 304).

For the reasons stated in this Memorandum and Order, Plaintiff's motion to compel is **DENIED**.

## ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in part that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and that relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff by this motion seeks an order compelling Defendant Curb Records to produce the following documents:

    A.    All contracts between Curb Records, Inc. and the country music artist Lee Greenwood.

B. All documents evidencing your payment to the country music artist Lee Greenwood from Curb Records, Inc. from January 1, 2002, to the present.

C. All communications between the country music artist Lee Greenwood and Curb Records, Inc. from January 1, 2006, to the present.

In his memorandum in support of this motion, Plaintiff's statement of the factual grounds for this motion consists of a single sentence: "Plaintiff is entitled to, and prejudiced in not receiving, evidence related to Lee Greenwood, a primary figure in Plaintiff's access theory." (Docket Entry No. 285-2 at 2).

In the parties' joint statement of the issues presented by this motion, Plaintiff offers only the following two sentences as factual grounds for this motion: "Lee Greenwood is a vital piece of Plaintiff's access theory" and "Lee Greenwood's association with the other named Defendants, especially Curb, is vital to Plaintiff's case." (Docket Entry No. 285-1 at 2).

It appears from the record that Plaintiff deposed Lee Greenwood on July 17, 2012 (Docket Entry No. 341). During this deposition Mr. Greenwood testified that he signed a recording contract with Curb Records in 2002 (Docket Entry No. 341 at Tr. P. 26). Plaintiff sought no further testimony regarding Mr. Greenwood's contractual relationship with Curb Records.

By his current motion, Plaintiff seeks all contracts between Defendant Curb Records and Mr. Greenwood, all documents evidencing any payment by Defendant Curb to Mr. Greenwood from January 1, 2002, to the present, and "all communications between

2

the country music artist Lee Greenwood and Curb Records, Inc. from January 1, 2006 to the present."

Mr. Greenwood is a nonparty witness. He claims no interest in any of the musical compositions at issue in this case. By his testimony, he signed a recording contract with Defendant Curb Records in 2002, or at least five years after the events that give rise to this lawsuit occurred. Moreover, he entered this contract approximately five years before the filing of the complaint in this case. Given these facts, the undersigned finds that Plaintiff has failed to offer any explanation why the documents he seeks by this motion relating to Mr. Greenwood's contractual relationship with Defendant Curb Records are either relevant or reasonably calculated to lead to the discovery of evidence that would be admissible in this case. For this reason, the undersigned **DENIES** Plaintiff's motion to compel responses to Plaintiff's sixth request for production to Defendant Curb Records, Inc. (Docket Entry No. 285).

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge