IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES MARTINEZ )
)
v. ) NO. 3-08-0738
) JUDGE CAMPBELL
SAMUEL TIMOTHY MCGRAW, et al. )

MEMORANDUM

Pending before the Court, among other things, is Defendants' Motion to Exclude the Expert Reports and Testimony of Daniel Sanders (Docket No. 355). For the reasons stated herein, Defendants' Motion is GRANTED.

FACTS

In this copyright infringement action, Plaintiff alleges that Tim McGraw's song "Everywhere," which appears on McGraw's CD of the same name, violates Plaintiff's copyright in the song "Anytime, Anywhere Amanda." Defendants have moved to exclude any reports or testimony of Plaintiff's purported expert, Daniel Sanders, with regard to the pending Motion for Summary Judgment.

EXPERT WITNESSES

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

A trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S.Ct. 2786, 2795 (1993). This requirement entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied properly to the facts in issue. *Sigler v. American Honda Motor Co.*, 532 F.3d 469, 478 (6th Cir. 2008); *Bland v. Verizon Wireless, LLC*, 538 F.3d 893, 896 (8th Cir. 2008).

Under *Daubert*, the proponent of an expert witness must demonstrate that (1) the witness is qualified by knowledge, skill, experience, training or education, (2) the testimony of that expert witness is relevant, meaning that it will assist the trier of fact to understand the evidence or to determine a fact in issue, and (3) the testimony of that expert witness is reliable. *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008).[1]

The task for the Court in deciding whether an expert's opinion is reliable is not to determine whether it is correct, but rather to determine whether it rests upon a reliable foundation, as opposed to unsupported speculation. *In re Scrap Metal*, 527 F.3d at 529-530. The fact that a witness formed and has stated an opinion does not prove that he is qualified to render that opinion or that his opinion is reliable.

---

[1] The Court in *Daubert* identified several factors that may bear on the inquiry, but it took care to emphasize that the inquiry is a flexible one. *See Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001). The trial court must consider whether the factors are reasonable measures of reliability in a given case. *Id*. Those factors are (1) whether a theory or technique can be or has been tested; (2) whether it has been subjected to peer review and publication; (3) whether a technique has a known or potential rate or error and the existence of standards controlling its operation; and (4) whether the theory or technique enjoys general acceptance in a relevant scientific community. *Id*. at 251, n. 5.

The Sixth Circuit Court of Appeals has long recognized that expert testimony prepared solely for purposes of litigation, as opposed to testimony flowing naturally from an expert's line of scientific research or technical work, should be viewed with some caution. *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 434 (6th Cir. 2007). The party proffering such expert testimony must show some objective proof, such as the expert's extensive familiarity with the subject, supporting the reliability of the expert's testimony. *Id.* "One very significant fact to be considered is whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for the purposes of testifying."*Id.* Expert testimony is judged by its methodology, not its conclusion. *Tamraz v. Lincoln Electric Co.*,620 F.3d.665, 675 (6th Cir. 2010).

Mr. Sanders has offered two primary opinions: (1) that Defendants had access to Plaintiff's copyrighted composition and (2) that there is substantial similarity between the musical and lyric material used in the composition "Anytime" and the musical and lyric material used in the composition "Everywhere." Docket No. 328-1.

With regard to Mr. Sanders' opinion as to access, the Court agrees with the Magistrate Judge, who stated during Sanders' deposition: "Whether or not the CD was transmitted from one person to another in any – any particular person to another is not a matter of expert opinion. That's a fact." Docket No. 355-1, p. 75.[2] Mr. Sanders does not have personal knowledge concerning the physical possession of Plaintiff's recorded composition at all times after it left Plaintiff's possession. Neither

---

[2] Cites to Mr. Sanders' deposition will be to the deposition pages, not the CM/ECF pages.

does he have personal knowledge of who, if anyone, listened to that CD. His "opinion" as to access is based on numerous hearsay statements by third parties and by Plaintiff. Mr. Sanders' opinion on this issue is only so reliable as the reliability of the numerous fact witnesses upon which he relies. Any testimony by Mr. Sanders as to this issue would be speculative at best.[3]

More importantly, however, the issue of whether Defendants had access to Plaintiff's composition is a factual issue and not a proper subject of expert testimony. Plaintiff has not shown that Mr. Sanders is any more capable of listening to the evidence, determining the credibility of the fact witnesses, and making the decision as to whether Defendants had access to Plaintiff's work than the factfinder is. The factfinder is capable of understanding and deciding these facts without the help of an expert.

For these reasons, Defendants' Motion to Exclude Mr. Sanders' testimony concerning access is GRANTED.

Mr. Sanders' second opinion concerns the "substantial similarity" between the two songs at issue. Mr. Sanders testified that he was asked to prepare a musicological analysis/report regarding the compositions at issue in this case. Docket No. 328. Yet Mr. Sanders also testified that he is not a musicologist. Docket No. 155-1, pp. 6 and 21. Moreover, Plaintiff represents in his Response to Defendants' Motion that Plaintiff has not offered Mr. Sanders as a musicologist. Docket No. 374, p. 4.[4]

---

[3]  Plaintiff's assertion that these third-party statements are not hearsay because they have been confirmed is incorrect. Whether they are confirmed or not is simply a matter for the trier of fact to consider in determining whether these statements are true.

[4]  Mr. Sanders' expert report states that he was retained to offer opinions as to whether the song "Everywhere" infringes the song "Anytime, Anywhere Amanda" and, if so, the appropriate damages for such infringement. In addition, Sanders states that he was asked to determine whether

Mr. Sanders is an entertainment attorney who specializes in representing artists and companies primarily in the music and film industries. Docket No. 328-2. He is also co-owner of a music label and a management, touring and publishing company representing local artists in the Houston, Texas area. *Id*. Although his curriculum vitae represents that he earned a master of liberal arts degree specializing in music, Mr. Sanders admitted in his deposition that it was "inaccurate" and "misleading" to say that his master's degree specialized in music. Docket No. 355-1, p. 33.

Mr. Sanders has never been recognized as an expert witness in any area, including the music business, in any court. Docket No. 355-1, pp. 7 and 10. He admitted that he did not know the appropriate standard to determine substantial similarity in the Sixth Circuit. *Id*., pp. 8-9. Mr. Sanders does not write music, he does not chart music, he does not read music, and he does not play music. *Id*., pp. 15-16 and 24. He has never taken any classes in music theory or studied any music theory textbooks. *Id*., p. 145.

Mr. Sanders relied upon someone else to identify the letter name for each pitch within the two compositions at issue, and he could not say whether the first note in the first bar of "Anytime" is the same as the first note in the first bar of "Everywhere." Docket No. 355-1, pp. 154-56. He did not know whether the intros to the songs are essentially composed of two two-bar phrases because it is out of his area. *Id*., pp. 157-58. He couldn't say whether it is common to begin the second phrase of a song with the same material that was used to begin the first phrase, again because it is out of his area. *Id*., p. 158.

Mr. Sanders could not identify the difference between a chord progression and a chord pattern; he does not know what is meant by a chord or chordal outline or a passing tone; he does not

---

the evidence produced by Defendants supports independent authorship. Docket No. 328-1, pp. 6-7.

know the difference between melodic intervals and harmonic intervals; he could not identify whether a transcription was accurate or inaccurate; and he said he would employ someone else (in this case, a Mr. Moore) for that expertise. Docket No. 355-1, pp. 161-62. Sanders testified that these things were outside of his area and that all these questions were more appropriately addressed to Mr. Moore. *Id*., p. 164. "When it comes to musical analysis, Mr. Moore took the lead on that." *Id*., p. 165. Similarly, with regard to comparisons of the rhythms of the two compositions, Mr. Sanders would defer to Mr. Moore's opinions about those. Docket No. 355-1, p. 178. And yet Mr. Moore has never been identified as an expert witness in this case.

In response to Defendants' Motion, Plaintiff has merely stated, in conclusory fashion, that Mr. Sanders is qualified to opine about his opinions and stated what those opinions are. Docket No. 374, pp. 9-12. Plaintiff admits that Mr. Sanders "used a skill of one of his employees to assist him" with regard to the writing, reading, and charting of music. *Id*., p. 13. Yet that employee has not been identified as an expert witness or presented for cross-examination by Defendants.

The Court finds that Mr. Sanders has not made an independent decision concerning his opinions in this matter. Plaintiff has not demonstrated that Mr. Sanders is qualified (without Mr. Moore) by knowledge, skill, experience, training or education to offer an opinion as to substantial similarity. Plaintiff has also not shown that Mr. Sanders' testimony is reliable or that it will assist the trier of fact because he cannot explain it - he relies on Mr. Moore for that. In addition, Plaintiff has not shown that Mr. Sanders' testimony grows directly out of research and knowledge he has developed separate from this litigation. *See In re Aredia and Zometa Products Liability Litigation*, 2010 WL 4970923 at * 3 (M.D. Tenn. Dec. 7, 2010). In fact, his testimony grows out of the opinions and knowledge of someone else, Mr. Moore. Mr. Sanders cannot articulate the

methodology applied in forming his opinion about substantial similarity because it was not *his* methodology.

For these reasons, Defendant's Motion to Exclude Mr. Sanders' testimony concerning substantial similarity is also GRANTED.

The other opinions offered by Mr. Sanders - - - as to whether Plaintiff has a valid copyright, whether the song "Everywhere" infringes that copyright and whether there was direct copying are legal questions for which no expert testimony is required. Mr. Sanders' opinions as to why Plaintiff gave a copy of his composition to someone else, whether the copy was clearly marked with Plaintiff's contact information, whether Defendants concealed any infringement, and whether any infringement was willful and intentional are factual questions. Mr. Sanders' opinion that "there is no evidence that Defendants independently created the song "Everywhere" is clearly not an appropriate subject for expert testimony, as the factfinder will ultimately determine what evidence exists in this case.

Having found that Mr. Sanders is not qualified as an expert witness in this case, the Court need not determine whether to consider the "melodic snippets" used in his testimony.

## CONCLUSION

For all these reasons, Defendants' Motion to Exclude the Expert Reports and Testimony of Daniel Sanders (Docket No. 355) is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE