IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES MARTINEZ                          )
                                        )
v.                                      ) NO. 3-08-0738
                                        ) JUDGE CAMPBELL
SAMUEL TIMOTHY MCGRAW, et al.           )


MEMORANDUM


Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 287).

For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

FACTS

In this copyright infringement action, Plaintiff contends that Defendants' song "Everywhere"

was copied from Plaintiff's copyrighted song entitled "Anytime, Anywhere Amanda." Plaintiff

alleges that Defendants had access to Plaintiff's song and that the two songs are substantially

similar.

Plaintiff's Complaint (Docket No. 1) asks the Court to issue a decree declaring that Plaintiff

is the owner of the song "Anytime, Anywhere Amanda."[1]  Plaintiff asks the Court to find that

Defendants willfully infringed Plaintiff's copyright in the song "Anytime, Anywhere Amanda."

Plaintiff also contends that Defendants have violated the Universal Copyright Convention.[2]

---

[1]        For purposes of this Motion, the Defendants do not contest this fact.

[2]        On appeal from the Court's prior Order granting Defendants' Motion to Dismiss, the
Sixth Circuit Court of Appeals held that Plaintiff had waived his claims for violation of the
Convention for the Protection of Producers of Phonograms and for an accounting.  Docket No. 146.

Defendants seek summary judgment, arguing that Plaintiff has not carried his burden of showing a genuine issue of material fact as to whether Defendants copied Plaintiff's song, whether Defendants had access to Plaintiff's song or whether the two songs are substantially similar. Defendants argue that the song "Everywhere" was independently created in November 1996 by Defendants Craig Wiseman and Mike Reid, professional songwriters in Nashville.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

 In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive

summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## COPYRIGHT INFRINGEMENT

To succeed in a copyright infringement action, a plaintiff must establish that he owns the copyrighted creation and that the defendant copied it. *Jones v. Blige*, 558 F.3d 485, 490 (6th Cir. 2009). Where, as here, there is no direct evidence of copying, a plaintiff may establish an inference of copying by showing (1) access to the allegedly infringed work by the defendants and (2) a substantial similarity between the two works at issue. *Id*. at 490-91.

Access is essentially hearing or having a reasonable opportunity to hear the plaintiff's work and thus having the opportunity to copy. *Jones*, 558 F.3d at 491. Access is proven when the plaintiff shows that the defendant had an opportunity to listen to or copy the plaintiff's work. *Id*. Although evidence that a third party with whom both the plaintiff and the defendant were concurrently dealing had possession of the plaintiff's work is sufficient to establish access by the defendant, access may not be inferred through mere speculation or conjecture. *Id*.

A mere assertion of access, unaccompanied by probative evidence, is inadequate. *Jones*, 558 F.3d at 491. Nor is a bare possibility of access sufficient; a plaintiff must establish that the defendant had a reasonable possibility to hear the plaintiff's work. *Id*. A lesser showing of access will suffice where the works are "strikingly similar," strongly suggesting that copying occurred. *Id*. at 490.

Generally, Plaintiff attempts to show access with the following facts (*see* Docket No. 315). Plaintiff claims that he asked Susan Tomac (mother of Amanda Little, Miss Texas, for whom

3

Plaintiff's song was written) to take and plug his song (along with two others) in Nashville in August or September of 1996. Plaintiff alleges that Susan Tomac gave a copy of Plaintiff's song (on a cassette tape) to a photographer named David Bartley and also to a dressmaker named Karen Phillips.[3] Plaintiff claims that Karen Phillips was close to Kim Greenwood, who is married to Lee Greenwood, an established country music artist. Plaintiff also alleges that Bartley's ex-wife stated that Bartley would have jumped on the opportunity to help Tomac by passing the cassette to Karen Phillips and the Greenwoods, although there is no proof that Bartley gave this alleged tape to anyone, and Bartley is now deceased. Lee Greenwood denies receipt of the tape. Docket No. 295.

Plaintiff also asserts that because the individual Defendants all testified that they had not heard the music of Plaintiff prior to the filing of this lawsuit and that no one had ever identified Plaintiff's music to them, then none of the Defendants would have known if they were listening to Plaintiff's music, so they cannot say they did not hear Plaintiff's song.

Plaintiff also argues that Bartley could have given Plaintiff's song to Melanie Shelley, who cuts the hair of Defendant McGraw and his wife, was a friend of Bartley's ex-wife, and owns a shop just a few blocks from Music Row in Nashville. Ms. Shelley testified that she never received any tape of Plaintiff's music from anyone, specifically not from Bartley or Bartley's ex-wife. Docket No. 296-2, p. 11.

Plaintiff contends that another country artist, Terri Clark, copied one of the other songs on Plaintiff's demo tape, although Clark is not a Defendant herein. Plaintiff alleges that because Clark and Tim McGraw both recorded at Sound State Studios and used some of the same people on their

---

[3] Ms. Phillips has testified that she has never possessed a cassette tape of music by James Martinez or given such a tape to anyone else. Docket No. 293.

4

recordings, the song "Everywhere" must have been copied from Plaintiff's song. Plaintiff has admitted, however, that he is not aware of anyone affiliated with either the Terri Clark project or the Tim McGraw project who had an opportunity to hear "Anytime, Anywhere Amanda." Docket No. 296-1, p. 97.

The Court finds that Plaintiff's claim of access is based solely upon speculation and conjecture. There is no probative proof offered on this issue to establish that Defendants had access to Plaintiff's song "Anytime, Anywhere Amanda." No one has testified that he or she actually gave a copy of Plaintiff's song to any of the Defendants; Plaintiff just tries to infer that someone did. On the other hand, all the Defendants have testified affirmatively that they never heard "Anytime, Anywhere Amanda" or knew about Plaintiff until this lawsuit. Finally, there is no competent expert proof that the two works are "strikingly similar" to raise an inference of access and copying.

Even if the Court could find an inference of copying, which it does not, such an inference is rebuttable by evidence of independent creation of the allegedly infringing work. *Ellie v. Diffie*, 177 F.3d 503, 507 (6th Cir. 1999). Wiseman and Reid testified unequivocally that they created "Everywhere" independently, with no input from Plaintiff and without reference to or inclusion of any portion or element of a song called "Anytime, Anywhere Amanda." Docket Nos. 46-2 and 46-5. Both testified that they had never heard of Plaintiff and had never heard the song "Anytime, Anywhere Amanda" before this lawsuit. *Id.*

Having found no reasonable possibility of access, the Court need not address the second element of substantial similarity, but if it were to address this element, the Court would find that Defendants' expert testimony concerning substantial similarity is now unrebutted because the Court excluded Plaintiff's expert, Mr. Sanders.

CONCLUSION

For these reasons, Defendants' Motion for Summary Judgment (Docket No. 287) is GRANTED, and Plaintiff's remaining claims for copyright infringement and for violation of the Universal Copyright Convention are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE