IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:08-0738 |
| | ) | |
| v. | ) | Judge Nixon |
| | ) | Magistrate Judge Bryant |
| SAMUEL TIMOTHY McGRAW, et al., | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## DECLARATION OF TIMOTHY L. WARNOCK

Timothy L. Warnock states as follows:

1. I am over twenty-one years of age, competent to testify in a legal proceeding and give this declaration of my own personal knowledge.

2. I am a member of the law firm Riley Warnock & Jacobson, PLC ("Riley Warnock"). I, as well as other members of Riley Warnock, have served as litigation counsel for Defendants in this matter since its inception. I have direct knowledge regarding the attorneys' fees and related expenses incurred in this case with respect to the services performed by Riley Warnock.

3. The Court first dismissed Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 10, 2009. The Sixth Circuit Court of Appeals remanded this case on August 23, 2011 with respect to Plaintiff's claims of copyright infringement and for violation of the Universal Copyright Convention but upheld dismissal of Plaintiff's claims for violation of the Convention for Protection of Phonographs and for an accounting. This Court then dismissed the remaining claims on summary judgment on March

13, 2013. Plaintiff filed a Motion for New Trial and/or for Reconsideration on April 10, 2013, which was denied by the Court on May 8, 2013. Therefore, Defendants are the prevailing parties to this action, and pursuant to 17 U.S.C. § 505, Defendants are entitled to recovery of attorneys' fees and costs.

4. I am filing as Exhibit A to my declaration bills identifying professional fees and costs charged to Defendants by Riley Warnock for work relating to this lawsuit. Exhibit A is broken down in two sections because our law firm changed billing software in May 2008. Therefore, the first part of Exhibit A details Riley Warnock's fees to Defendants from May 2007 to May 2008, which amount to $17,623.50. The second part of Exhibit A details Riley Warnock's fees to Defendants from June 2008 to April 2010, which amount to $47,280.50 in attorneys' fees and $988.27 in non-taxable costs. The third part of Exhibit A details Riley Warnock's fees to Defendants from May 2010 through the present, which amounts to $192,620.00 in attorneys' fees and $1272.49 in non-taxable costs, excluding the expert witness fees of $10,000 set forth separately in Exhibit B to this declaration. Riley Warnock has not included in Defendants' Motion for Attorneys' Fees, fees totaling in excess of $37,000, which reflect the work of a junior associate (who has since left the firm) with respect Defendants' original but unfiled motion for summary judgment in 2009, which was prepared prior to the Court's ruling on Defendants' then pending Motion to Dismiss on August 10, 2009.

5. The total attorneys' fees charged to Defendants for work performed by Riley Warnock relating to the claims at issue in this matter is $257,524.00. Defendants seek recovery of those attorneys' fees, as well non-taxable costs in the amount of $12,260.76. I am filing as Exhibit B to my declaration the bills identifying the expert witness services of Anthony Ricigliano (musicologist), which was necessary to review the compositions at issue in this matter

2

in preparation for Defendants' motion for summary judgment.

### Lawyers/Paralegals Working on the Case for Whom Time was Billed

6. I graduated from Vanderbilt University in 1984 with a B.A. degree and graduated from the University of Tennessee College of Law, with high honors, in 1987, and was elected to Order of the Coif. I practiced at the law firm of Bass Berry & Sims from 1987 until 1990. I practiced at Gillbride, Heller & Brown, P.A., in Miami, FL from 1990 through 1992. I practiced at Bass, Berry & Sims from 1993 until I became a member of Riley Warnock in 1995. My practice is focused on complex litigation. I have practiced law for over 25 years.

7. My hourly rate from 2012 until the present is $350. My hourly rate previously in this matter was $325 from inception until 2010 and $335 during 2011. My hourly rate is reasonable in light of the generally prevailing rates in this county for lawyers of comparable experience, ability and reputation.

8. Until November 2007, Jay S. Bowen was a member of the law firm Riley Warnock. He graduated from Davidson College in 1971 with a B.A. degree and graduated from the Vanderbilt University Law School in 1974. Mr. Bowen practiced at the law firm of Bass Berry & Sims before he became a member of Riley Warnock in 1995. Mr. Bowen's practice was focused on complex civil litigation. In 2007, he had practiced law for over 30 years.

9. In 2007, when Mr. Bowen worked on this matter, his hourly rate was $430. His hourly rate was reasonable in light of the generally prevailing rates in this county for lawyers of comparable experience, ability and reputation.

10. Until March 2009, Amy J. Everhart was a member of Riley Warnock. She received her B.A. degree from the University of North Dakota in 1994 and her J.D. degree in 1998 from Vanderbilt University Law School. In 2007, Ms. Everhart's hourly rate was $260.

Her hourly rate in 2008 and 2009 was $275. Her rates were reasonable in light of the generally prevailing rates in this county for lawyers of comparable experience, ability and reputation

11. Howell G. O'Rear was an associate with Riley Warnock. He received his B.A. degree from the University of Virginia in 2002 and his J.D. degree from the University of Virginia School of Law in 2007. In 2007, during which time Mr. O'Rear worked on this matter, his hourly rate was $160. In 2010, Mr. O'Rear's hourly rate was $190 and increased to $200 in 2011, $210 in 2012 and $225 in 2013. His hourly rate is reasonable in light of the generally prevailing rates in this county for lawyers of comparable experience, ability and reputation.

12. Chris Vlahos is a member of Riley Warnock. He received his B.A. degree from the University of Tennessee with honors in 1995 and his J.D. degree from the University of Tennessee College of Law with honors in 1999. In 2013, during which time Mr. Vlahos worked on this matter, his hourly rate is $300. His hourly rate is reasonable in light of the generally prevailing rates in this county for lawyers of comparable experience, ability and reputation.

13. Jenna Harris is an associate with Riley Warnock. She received her B.A. degree from the University of Mississippi with honors in 2009 and her J.D. degree from the University of Mississippi School of Law with honors in 2012. In 2013, during which time Ms. Harris worked on this matter, her hourly rate is $165. Her hourly rate is reasonable in light of the generally prevailing rates in this county for lawyers of comparable experience, ability and reputation.

14. The paralegals working on this case were DeDe Gibby, John Breeding and Melinda Killen. Their hourly rates throughout this case have ranged from $100 to $125. These rates are reasonable and comparable to other paralegals in this county, with similar experience, ability and reputation.

15.  I have personally reviewed the bills attached to my declaration. Those bills were prepared based on contemporaneous records maintained by each timekeeper. The total attorneys' fees incurred by Defendants for work performed by Riley Warnock with respect to the issues in this case amount to $257,524.

## Other Costs and Expenses

16.  Defendants also seek recovery for non-taxable costs pursuant to 17 U.S.C. § 505. Defendants seek recovery of those attorneys' fees, as well non-taxable costs in the amount of $2,260.76 and expert witness fees in the amount of $10,000. The expenses for which Defendants seek recovery in his Motion are reflected in the attached bills. All of the requested costs were incurred by Defendants' counsel and billed to Defendants in the course of providing legal services and were both reasonable and necessary to defend against Plaintiff's claims. In addition, all of these costs are normally charged to clients by our firm and by other attorneys in this jurisdiction.

## Letters to Plaintiff's Counsel

17.  I attach as Exhibit C to my declaration an October 9, 2008 letter that I sent to Plaintiff's counsel, Gerald Drought. In this letter, I demanded that Plaintiff, Mr. Martinez, dismiss the Complaint pursuant to Rule 11 of the Federal Rules of Civil Procedure. I informed Mr. Drought that his client had alleged no facts demonstrating a reasonable possibility of access. I attached to that letter a declaration from Amanda Little, which disproved any alternative access theories Plaintiff espoused.

18.  I am filing as Exhibit D to my declaration a January 14, 2009 letter that I sent to Plaintiff's counsel Gerald Drought. In this letter, I again informed Mr. Drought that Plaintiff had "offered nothing more than unlikely speculations as to his access theory." I reiterated

Defendants' demand that "Mr. Martinez dismiss [the] case." I further informed Mr. Drought that Defendants would "not hesitate to seek from Mr. Martinez all attorneys' fees they have been forced to spend defending this meritless lawsuit."

19. I am filing as Exhibit E to my declaration a February 23, 2009 letter to Plaintiff's counsel Gerald Drought. In this letter, I again reiterated Defendants' demand that Plaintiff dismiss his Complaint.

20. I am filing as Exhibit F to my declaration a November 14, 2011 email from William P. Ramey III, counsel for Plaintiff, to me in which Plaintiff's counsel states, among other things, that he "will depose each and every one of (defendants) for as long as the rules allow."

21. I am filing as Exhibit G to my declaration letters offering to settle this litigation from Plaintiff's counsel to me, dated March 8, 2012; April 25, 2012; and August 29, 2012.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 31st, 2013.

_____
Timothy L. Warnock